**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

B & R SUPERMARKET, INC.; GROVE LIQUORS, LLC,

    Plaintiffs,

v.

VISA, INC.; VISA USA, INC.; MASTERCARD INTERNATIONAL, INC.; AMERICAN EXPRESS COMPANY; DISCOVER FINANCIAL SERVICES; BANK OF AMERICA, N.A.; BARCLAYS BANK DELAWARE; CAPITAL ONE FINANCIAL CORPORATION; CHASE BANK USA, N.A.; CITIBANK (SOUTH DAKOTA), N.A.; CITIBANK, N.A.; PNC BANK, N.A.; USAA SAVINGS BANK; U.S. BANCORP, N.A.; WELLS FARGO BANK, N.A.; EMVCo, LLC; JCB CO., LTD; and UNIONPAY, a Chinese bank association,

    Defendants.

No. C 16-01150 WHA

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND ADVANCING DATE FOR CASE MANAGEMENT CONFERENCE**

    In this antitrust action, a set of markets in Florida is suing all of the major credit card companies and major banks in America alleging a conspiracy in violation of Section 1 of the Sherman Act by reason of a joint imposition upon merchants of a so-called "Liability Shift" effective last October, whereby merchants are allegedly more liable for fraudulent credit card transactions than before the shift. To avoid the greater liability, the merchants allegedly must

install new EMV Reader equipment and get the gear "certified."  The alleged bugaboo is that defendants have dragged their feet in granting certifications so it is impossible, according to the complaint, to avoid the extra charge-backs.

The complaint is styled as a class action, but the case is at its earliest stage and no class has been certified.  Nor has any motion been made for counsel to act as "interim counsel" under Rule 23(g)(3).

Of immediate concern is a pending motion for a preliminary injunction noticed to be heard in five weeks.  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).  The motion seeks to enjoin — nationwide — implementation of the Liability Shift on a class basis.  In reviewing the file, the Court is of the view that the pending motion is so deficient that it would be a monumental waste of resources to require the eighteen defendants to respond and oppose the motion.

The motion is unsupported by any sworn record beyond two declarations, each one and a half pages long.  One is by a cashier at Grove Liquors, owned by B&R Supermarket, Inc., in Broward County, Florida, who explains that because its new point-of-sale machines and EMV chip readers have not been certified, the store has asked customers to pay by swiping cards in the old-fashioned way and to present identifications, leading some customers to take offense, one customer saying she would never come back after having exited and having left her items on the counter.  The other declaration is by an executive assistant who deals with charge-backs for B&R and who avers that the number of charge-backs has increased from one or two per week to ten to fifteen per week, mostly due to EMV chip card transactions.

Assuming arguendo that the new EMV regime and Liability Shift will ultimately be held to violate Section 1, the instant motion for a preliminary injunction is nevertheless fatally defective for failing to establish irreparable injury.  The sworn record shows no more than an uptick in inconvenience, lost time, unhappy customers, and lost sales, all of which can be

2

compensated for via a damage award. These well-heeled defendants will be good for the judgment. This shortfall is fatal to the motion.

In sum, the record is inadequate as to B&R Supermarket and all the more inadequate as to other merchants across the nation since no class has been certified, no record has been submitted that would warrant such certification, and counsel represent no one at this stage other than B&R Supermarket, Inc., including Grove Liquors LLC. It would be most imprudent to halt the nationwide rollout of the EMV program (or any part of it) on so thin a record.

Our civil procedure should be devoted to the "just, speedy, and inexpensive determination" of lawsuits. Where a motion is so plainly deficient, it is best to stop it in its tracks and avoid imposing wasteful expense on the other side. Plaintiffs' complaint, motion, and record have been fully reviewed by the judge and the motion is indeed plainly deficient. It would be no answer to say that plaintiffs might beef up the record on reply, for counsel had an obligation to meet their burden at the outset, when the motion was filed. Irreparable injury is a matter within the knowledge of the movant on a preliminary injunction motion, and discovery is not needed to develop it. (The motion does not ask for discovery anyway.) In short, there is no need to incur the expense of opposing this motion. These resources should be saved for the merits. Accordingly, plaintiffs' motion for a preliminary injunction is **DENIED**.

This order is without prejudice to a renewed motion on a proper record. This order in no way blesses the challenged combination and in no way rules that the complaint fails to state a claim for relief (except to note that a Florida business is unlikely to have any claim for relief under California's Cartwright Act).

The hearing set for **APRIL 21, 2016**, shall be converted to a case management conference at **ELEVEN A.M.** Not less than seven days prior, counsel shall submit a joint case management conference statement not to exceed ten pages. Plaintiffs shall promptly serve this order on all defendants.

Now, a word to all defendants: Please do not pursue any Rule 12 motion based upon documents for which you will seek judicial notice. Almost always, as the defense bar usually

presents them, these are ill-advised, improper, and a waste of resources. These should be brought only on a Rule 56 summary judgment motion, perhaps an early one but nevertheless as a summary judgment motion. This subject may be addressed at the April 21 case management conference.

**IT IS SO ORDERED.**

Dated: March 16, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4