ROWAN D. WILSON (118488)
LAUREN K. ROSS (298181)

CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Fax: (212) 474-3700
rwilson@cravath.com
lross@cravath.com

Attorneys for Defendant American Express Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| B & R SUPERMARKET, INC.; GROVE LIQUORS, LLC,<br><br>                                             Plaintiffs,<br><br>    v.<br><br>VISA, INC.; VISA USA, INC.; MASTERCARD INTERNATIONAL, INC.; AMERICAN EXPRESS COMPANY; DISCOVER FINANCIAL SERVICES; BANK OF AMERICA, N.A.; BARCLAYS BANK DELAWARE; CAPITAL ONE FINANCIAL CORPORATION; CHASE BANK USA, N.A.; CITIBANK (SOUTH DAKOTA), N.A.; CITIBANK, N.A.; PNC BANK, N.A.; USAA SAVINGS BANK; U.S. BANCORP, N.A.; WELLS FARGO BANK, N.A., EMVCo, LLC; JCB CO., LTD; and UNIONPAY,<br><br>                                             Defendants. | Case No. 3:16-cv-01150-WHA<br><br>DEFENDANT AMERICAN EXPRESS COMPANY'S NOTICE OF MOTION AND SUPPLEMENTAL MOTION TO COMPEL ARBITRATION AND TRANSFER VENUE OF INTERVENING PLAINTIFFS' CLAIMS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>DATE: June 23, 2016<br>TIME: 8:00 AM<br>COURTROOM: 8<br>JUDGE: Honorable William H. Alsup |

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ..................................................................................................ii

STATEMENT OF FACTS ....................................................................................................1

ARGUMENT .........................................................................................................................3

CONCLUSION ......................................................................................................................3

# TABLE OF AUTHORITIES

**Statutes & Rules**

28 U.S.C. § 1404(a) ................................................................................................................. 1

Fed. R. Civ. P. 21 .................................................................................................................... 1

Federal Arbitration Act, 9 U.S.C. § 4 ..................................................................................... 1

PLEASE TAKE NOTICE that on June 23, 2016, at 8:00 am, or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Judge William Alsup, Courtroom 8, 19th Floor, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant American Express Company ("American Express") will, and hereby does, move for an order granting American Express's Supplemental Motion to Compel Arbitration and Transfer Venue of Intervening Plaintiffs' Claims. Pursuant to this Court's Supplemental Order of March 18, 2016, ECF No. 41, and Defendant American Express Company's Law Firm Plan for In Court Opportunities for Young Attorneys, ECF No. 214, Lauren Ross, an attorney who graduated from law school in May 2013, will argue this motion on behalf of American Express.

Pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, Defendant American Express hereby moves this Court to compel arbitration of the claims of proposed intervenors Strouk Group d/b/a Monsieur Marcel and rue21 against American Express. Defendant further moves this court to sever and transfer these claims to the Southern District of New York pursuant to Fed. R. Civ. P. 21 and 28 U.S.C. § 1404(a). This motion is supported by the accompanying declaration of Lindsey Spellman, executed on May 11, 2016, with exhibit thereto ("5/11/16 Spellman Decl."); the April 18, 2016 Motion to Compel Arbitration and Transfer Venue, ECF No. 229; and the April 18, 2016 declaration of Lindsey Spellman, with exhibits thereto ("4/18/16 Spellman Decl."), ECF No. 229-2. A proposed order is also submitted herewith.

**STATEMENT OF FACTS**

On May 10, 2016, B & R Supermarket[1] filed a motion asking this Court to grant its unopposed motion to intervene as named plaintiffs Strouk Group d/b/a Monsieur Marcel ("Monsieur Marcel") and rue21. Monsieur Marcel and rue21's claims against American Express are subject to the arbitration clause in American Express's standard merchant agreement, and at either party's

---

[1] Plaintiffs Milam's Market and Grove Liquors LLC both operate under the B & R Supermarket parent merchant account with American Express. (4/18/16 Spellman Decl. ¶ 5). Thus, this motion refers to both entities collectively as "B & R Supermarket".

request, their claims must be resolved in arbitration. As it did with B & R Supermarket's claims, American Express invokes that clause as to proposed intervenors Monsieur Marcel and rue21.[2]

American Express issues chargebacks to merchants according to the terms of its Card Acceptance Agreement ("CAA"). rue21 has been an American Express merchant since February 5, 1992, after it was provided with a copy of the CAA and when it began accepting American Express credit cards. (*See* 5/11/16 Spellman Decl. Ex. 1, CAA, effective October 1992, p. 1 ("By accepting [American Express] Cards for the purchase of goods and/or services, you agree to be bound by this Agreement.").) Monsieur Marcel has been an American Express merchant since March 10, 2014, after it was provided with a copy of the CAA and when it began accepting American Express credit cards. (*See* 4/18/16 Spellman Decl. Ex. C, CAA, effective October 2014, p. 7 ("By accepting [American Express] Cards, you agree to be bound by this Agreement.").) The current CAA between rue21 and American Express and Monsieur Marcel and American Express contains an arbitration provision and forum selection clause.

Since October 1999, the standard Card Acceptance Agreement between American Express and merchants choosing to accept its cards has included a broad arbitration provision. (4/18/16 Spellman Decl. ¶ 8.) Since at least February 5, 1992, American Express's CAAs with rue21 have contained a provision permitting American Express to amend the CAA from time to time upon notice to rue21. (*See* 5/11/16 Spellman Decl. ¶¶ 5-6.)[3] Since at least March 10, 2014, American

---

[2] American Express hereby incorporates the facts stated in its April 18, 2016 Motion to Compel Arbitration and Transfer Venue.

[3] The current version of this provision states in relevant part:

> We reserve the right to change the Agreement at any time (including by amending any of its provisions, adding new provisions, or deleting or modifying existing provisions) on at least ten days' prior notice to you, provided that we shall change the Merchant Regulations pursuant to the provisions set forth below. You agree to accept all changes (and further to abide by the changed provisions in the Merchant Regulations) as a condition of your agreement to accept the Card.

Express's CAAs with Monsieur Marcel have contained a provision permitting American Express to amend the CAA from time to time upon notice to Monsieur Marcel. (*See* 5/11/16 Spellman Decl. ¶¶ 4, 6.) Merchants—including rue21 and Monsieur Marcel—who do not wish to be bound by an amendment are free to terminate the agreement without cause "at any time by notifying the other party". (4/18/16 Spellman Decl. Ex. C, 2014 CAA § 6.a.) American Express never received any such notice from rue21 or Monsieur Marcel. Thus, from well before the claims alleged here accrued and right up to the present time, rue21 and Monsieur Marcel have been subject to the CAA's arbitration provisions.

The CAA has contained a forum selection clause since at least 2002. (4/18/16 Spellman Decl. ¶ 9.) The current version of that clause, which has been in effect since October 2015, states that subject to the CAA's dispute resolution provisions "any action by either party hereunder shall be brought only in the appropriate federal or state court located in the County and State of New York". (*See* 4/18/16 Spellman Decl. Ex. B, 2015 Amendment, p. 3.)

## ARGUMENT

The arguments American Express made in its April 18, 2016 Motion to Compel Arbitration and Transfer Venue apply with equal force to Monsieur Marcel and rue21's claims, and American Express hereby incorporates those arguments.

## CONCLUSION

For the reasons stated herein and in its April 18, 2016 Motion to Compel Arbitration and Transfer Venue, American Express respectfully requests an order severing rue21's and Monsieur Marcel's claims against it, and compelling rue21 and Monsieur Marcel each to arbitrate their claims and/or transferring those claims to the United States District Court for the Southern District of New York.

---

(4/18/16 Spellman Decl. Ex. B, 2015 Amendment, p. 2 (amending first sentence of § 8.j); Ex. C, 2014 CAA, § 8.j.)

DATED: May 13, 2016

CRAVATH, SWAINE & MOORE LLP

s/ Rowan D. Wilson
---
ROWAN D. WILSON
LAUREN K. ROSS

825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Fax: (212) 474-3700

*Attorneys for Defendant*
*American Express Company*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| B & R SUPERMARKET, INC.; GROVE LIQUORS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>VISA, INC.; VISA USA, INC.; MASTERCARD INTERNATIONAL, INC.; AMERICAN EXPRESS COMPANY; DISCOVER FINANCIAL SERVICES; BANK OF AMERICA, N.A.; BARCLAYS BANK DELAWARE; CAPITAL ONE FINANCIAL CORPORATION; CHASE BANK USA, N.A.; CITIBANK (SOUTH DAKOTA), N.A.; CITIBANK, N.A.; PNC BANK, N.A.; USAA SAVINGS BANK; U.S. BANCORP, N.A.; WELLS FARGO BANK, N.A., EMVCo, LLC; JCB CO., LTD; and UNIONPAY,<br><br>Defendants. | Case No. 3:16-cv-01150-WHA<br><br>[PROPOSED] ORDER GRANTING AMERICAN EXPRESS COMPANY'S SUPPLEMENTAL MOTION TO COMPEL ARBITRATION AND TRANSFER VENUE OF INTERVENING PLAINTIFFS' CLAIMS<br><br>DATE: June 23, 2016<br>TIME: 8:00 AM<br>COURTROOM: 8<br>JUDGE: Honorable William H. Alsup |

|   |   |
|---|---|
| 1 | Defendant American Express Company's ("American Express") Supplemental Motion to |
| 2 | Compel Arbitration and Transfer Venue of Intervening Plaintiffs' Claims in the above-captioned |
| 3 | action came on regularly for hearing in Courtroom 8 of this Court on June 23, 2016. All parties |
| 4 | were represented by counsel of record at the time of the hearing. |
| 5 | Having read and considered Defendant American Express's Notice of Motion and Motion |
| 6 | and Memorandum of Points and Authorities in Support Thereof, and all other papers filed by the |
| 7 | parties in support of and in opposition to Defendant American Express's Motion, as well as the oral |
| 8 | arguments of counsel at the hearing, and good cause appearing therefor, |
| 9 | IT IS HEREBY ORDERED that Defendant American Express's Supplemental Motion to |
| 10 | Compel Arbitration and Transfer Venue of Intervening Plaintiffs' Claims is GRANTED. |
| 12 | **SO ORDERED.** |
| 15 | DATED: _____      _____ |
| 16 | HONORABLE WILLIAM H. ALSUP<br>UNITED STATES DISTRICT JUDGE |

Certificate of Service

I hereby certify that on May 13, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants included on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 13, 2016.

CRAVATH, SWAINE & MOORE LLP,

s/ Rowan D. Wilson
ROWAN D. WILSON
LAUREN K. ROSS

825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Fax: (212) 474-3700

*Attorneys for Defendant
American Express Company*