IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

United States District Court
For the Northern District of California

| | |
|---|---|
| B & R SUPERMARKET, INC.; GROVE LIQUORS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>VISA, INC.; VISA USA, INC.; MASTERCARD INTERNATIONAL, INC.; AMERICAN EXPRESS COMPANY; DISCOVER FINANCIAL SERVICES; BANK OF AMERICA, N.A.; BARCLAYS BANK DELAWARE; CAPITAL ONE FINANCIAL CORPORATION; CHASE BANK USA, N.A.; CITIBANK (SOUTH DAKOTA), N.A.; CITIBANK, N.A.; PNC BANK, N.A.; USAA SAVINGS BANK; U.S. BANCORP, N.A.; WELLS FARGO BANK, N.A.; EMVCo, LLC; JCB CO., LTD; and UNIONPAY, a Chinese bank association,<br><br>Defendants. | No. C 16-01150 WHA<br><br>**ORDER GRANTING MOTION TO TRANSFER** |

In this antitrust action, a defendant charge card company moves to transfer the claims against it to the Southern District of New York. For the reasons stated herein, the motion to transfer is **GRANTED**.

1    Two Florida merchants filed this antitrust action against payment card networks, card-
2 issuing banks ("issuing banks), and the standards-setting entity EMVCo.  The complaint alleges
3 that defendants conspired to impose a "Liability Shift" effective October 1, 2015, on any and all
4 merchants that failed to upgrade to EMV chip technology.  Pursuant to the Liability Shift, the
5 merchants allegedly became liable for fraudulent transactions that had previously been absorbed
6 by the issuing banks.  Plaintiffs allege that defendants violated Section 1 of the Sherman
7 Antitrust Act and the California Cartwright Act, codified at Business and Professions Code
8 Section 16700.

   Plaintiff B & R Supermarket, Inc. (doing business as Milam's Market) and plaintiff
Grove Liquors LLC operate retail stores in Florida (Compl. ¶¶ 3–4).  Both companies operate
under B & R Supermarket's parent merchant account with American Express.  B & R
Supermarket has been an American Express merchant since 1997 (Spellman Decl. at ¶ 4).  In a
motion to intervene, plaintiffs seek to add two new plaintiffs — rue21, Inc., a nationwide
retailer with 49 stores in California, and Strouk Group LLC (doing business as Monsieur
Marcel), a California restaurant and retail business (Dkt. No. 255-2 at ¶¶ 4).  Monsieur Marcel
has been an American Express merchant since 2014.  rue21 has been an American Express
merchant since 1992 (Second Spellman Decl. at ¶ 4, 5).

   American Express has included an arbitration provision in its Card Acceptance
Agreement since 1999.  The October 2015 version of the Agreement provided in relevant part
(Spellman Decl., Exh. C):

> You or we may elect to resolve any Claim by individual, binding arbitration. Claims are decided by a neutral arbitrator.
>
> If arbitration is chosen by any party, neither you nor we will have the right to litigate that Claim in court or have a jury trial on that Claim.  Further, you and we will not have the right to participate in a representative capacity or as a member of any class pertaining to any Claim subject to arbitration. . . . Except as set forth below, the arbitrator's decision will be final and binding. Other rights you or we would have in court may also not be available in arbitration.

The Agreement defined "claim" as follows:

> Claim means any claim (including initial claims, counterclaims, crossclaims, and third party claims), dispute, or controversy between you and us arising from or relating to the Agreement or prior Card acceptance agreements, or the

2

> relationship resulting therefrom, whether based in contract, tort (including negligence, strict liability, fraud, or otherwise), statutes, regulations, or any other theory, including any question relating to the existence, validity, performance, construction, interpretation, enforcement, or termination of the Agreement or prior Card acceptance agreements, or the relationship resulting therefrom, except for the validity, enforceability, or scope of section 7.c of the General Provisions.

The Agreement also included forum-selection and choice-of-law provisions:

> The Agreement and all Claims are governed by and shall be construed and enforced according to the laws of the State of New York without regard to internal principles of conflicts of law. Subject to [the arbitration provision], any action by either party hereunder shall be brought only in the appropriate federal or state court located in the County and State of New York. Each party consents to the exclusive jurisdiction of such court and waives any Claim of lack of jurisdiction or forum non conveniens.

Plaintiffs filed a complaint on March 8, 2016. American Express now moves to compel arbitration and moves to sever and transfer the claims against it to the Southern District of New York pursuant to pursuant to Rule 21 and 28 U.S.C. 1404(a).

American Express does not submit evidence that plaintiffs signed the Agreement. Nonetheless, while plaintiffs attack the Agreement's arbitration provision as being procedurally unconscionable, plaintiffs do not dispute that they are otherwise subject to the Agreement.

American Express's motion to transfer as to the named plaintiffs is **GRANTED**. All claims by the named plaintiffs against American Express are severed and hereby transferred to the United States District Court for the Southern District of New York. American Express's motion to compel arbitration is **DENIED WITHOUT PREJUDICE** to a motion there to compel arbitration and a determination as to whether the arbitration provision is unconscionable. This order also transfers the claims without prejudice to a possible intervention here by named plaintiffs with claims against American Express *not* subject to a forum-selection clause.

A separate order declined to add the intervening plaintiffs, Monsieur Marcel and rue21, at this time (Dkt. No. 281). American Express's motion to transfer and motion to compel arbitration as to Monsieur Marcel and rue21, are therefore **DENIED WITHOUT PREJUDICE** to a future motion to intervene in connection with the amended pleading. Because Monsieur Marcel

3

and rue21 are also subject to the Agreement, their claims against American Express will likely be susceptible to a motion to transfer.

**IT IS SO ORDERED.**

Dated: June 24, 2016. 
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4