ROWAN D. WILSON (118488)
LAUREN K. ROSS (298181)

CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Fax: (212) 474-3700
rwilson@cravath.com
lross@cravath.com

Attorneys for Defendant American Express Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| B & R SUPERMARKET, INC.; GROVE LIQUORS, LLC,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>VISA, INC.; VISA USA, INC.; MASTERCARD INTERNATIONAL, INC.; AMERICAN EXPRESS COMPANY; DISCOVER FINANCIAL SERVICES; BANK OF AMERICA, N.A.; BARCLAYS BANK DELAWARE; CAPITAL ONE FINANCIAL CORPORATION; CHASE BANK USA, N.A.; CITIBANK (SOUTH DAKOTA), N.A.; CITIBANK, N.A.; PNC BANK, N.A.; USAA SAVINGS BANK; U.S. BANCORP, N.A.; WELLS FARGO BANK, N.A., EMVCo, LLC; JCB CO., LTD; and UNIONPAY,<br><br>　　　　　　　　　　　　Defendants. | Case No. 3:16-cv-01150-WHA<br><br>DEFENDANT AMERICAN EXPRESS COMPANY'S OPPOSITION TO MOTION TO INTERVENE NAMED PLAINTIFFS<br><br>DATE: September 22, 2016<br>TIME: 8:00 AM<br>COURTROOM: 8<br>JUDGE: Honorable William H. Alsup |

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ........................................................................................................ 2

ARGUMENT ............................................................................................................................. 5

I.     The CAA's Forum Selection Clause Bars Monsieur Marcel and rue21 from Intervening in This Case. ............................................................................................... 6

    A.     Law of the Case Dictates That the Forum Selection Clause Is Valid and Enforceable. ...................................................................................................... 6

    B.     The Forum Selection Clause Is Valid. ............................................................ 7

    C.     Monsieur Marcel and rue21's Claims Against American Express Fall Under the Scope of the Forum Selection Clause. .............................................. 8

II.     The CAA's Arbitration Clause Bars Monsieur Marcel and rue21 from Intervening in This Case. ............................................................................................. 10

    A.     The Arbitration Provision Is Valid. ............................................................... 11

    B.     Monsieur Marcel's and rue21's Claims Fall Within the Scope of the Parties' Agreement To Arbitrate. .................................................................... 12

CONCLUSION ........................................................................................................................ 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abram Landau Real Estate v. Bevona*, 123 F.3d 69 (2d Cir. 1997) ....................................................... 13

*Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298 (5th Cir. 1998) ........................................................... 2

*Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304 (2013) ..................................................... 1, 10

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011) .................................................................. 10

*Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568 (2013) ................ 1, 6, 7

*Bense v. Interstate Battery Sys. of Am., Inc.*, 683 F.2d 718 (2d Cir. 1982) ............................................ 9

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126 (9th Cir. 2000) ....................................... 13

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988) ....................................................... 6

*Dall. Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775 (2d Cir. 2003) .................................................. 11

*Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213 (1985) ................................................................ 1, 10

*E. & J. Gallo Winery v. Andina Licores S.A.*, 44 F. Supp. 2d 1115 (E.D. Cal. 2006) ............................ 8

*E. Bay Women's Health, Inc. v. gloStream, Inc.*, No. C 14-00712 WHA, 2014 WL
    1618382 (N.D. Cal. Apr. 21, 2014) ................................................................................................ 7, 8

*Gillman v. Chase Manhattan Bank*, 534 N.E.2d 824 (N.Y. 1988) ....................................................... 11

*Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79 (2000) ....................................................... 10, 11

*Isaacs v. OCE Bus. Servs., Inc.*, 968 F. Supp. 2d 564 (S.D.N.Y. 2013) .............................................. 12

*Joseph v. Amazon.com, Inc.*, No. C12-06256, 2013 WL 4806462 (N.D. Cal. Sept. 9,
    2013) ................................................................................................................................................. 9

*Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010 (9th Cir. 2004) ............................. 10, 12

*Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218 (2d Cir.
    2001) ............................................................................................................................................... 13

*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972) ................................................................. 7, 8

*Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509 (9th Cir. 1988) ................................................ 8

*Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133 (9th Cir. 2003) ........................................................... 8

*Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257 (9th Cir. 2006) ............................................................. 8

*Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311 (1964) ................................................................ 7

*Nayal v. HIP Network Servs. IPA, Inc.*, 620 F. Supp. 2d 566 (S.D.N.Y. 2009) ................................ 11

*Person v. Google Inc.*, 456 F. Supp. 2d 488 (S.D.N.Y. 2006) .............................................................. 9

*Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115 (2d Cir. 2010) .............................................. 11

*Richards v. Lloyd's of London*, 135 F.3d 1289 (9th Cir. 1998) ........................................................... 7

*Roby v. Corp. of Lloyd's*, 996 F.2d 1353 (2d Cir. 1993) ..................................................................... 9

*Thomas v. Bible*, 983 F.2d 152 (9th Cir. 1993) ................................................................................... 6

*U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047 (9th Cir. 2011) ....................................... 2

*United States v. Am. Express Co.*, 88 F. Supp. 3d 143, 158 (E.D.N.Y. 2015) .................................. 12

*Universal Grading Serv. v. eBay, Inc.*, No. 08-CV-3557, 2009 WL 2029796 (E.D.N.Y. June 10, 2009) ............................................................................................................................ 8

**Statutes & Rules**

Federal Arbitration Act, 9. U.S.C. § 2 ................................................................................................ 10

18B Charles Alan Wright et al., *Federal Practic & Procedure* § 4478 (2d ed. 2016) .......................... 7

**PRELIMINARY STATEMENT**

Proposed intervenors Strouk Group d/b/a Monsieur Marcel ("Monsieur Marcel") and rue21 are parties to American Express's standard merchant agreement, known as the Card Acceptance Agreement ("CAA"). (Am. Compl. ¶¶ 20 n.2, 21, July 15, 2016, ECF No. 291.) The CAA governs Monsieur Marcel's and rue21's relationship with American Express. Two provisions of the CAA—the forum selection clause and the arbitration clause—bar Monsieur Marcel and rue21 from intervening against American Express in this case.

First, the CAA provides that any disputes under that agreement shall be litigated exclusively "in the appropriate federal or state court located in the County and State of New York". (*See* 4/18/16 Spellman Decl. Ex. B, 2015 CAA Amendment, p. 3, ECF No. 229-4.) This Court has already enforced that forum selection clause with respect to Plaintiff B & R Supermarket's[1] claims against American Express, and those claims have been severed and transferred to the Southern District of New York. (Order Granting Motion to Transfer, June 24, 2016, ECF No. 282.) In the face of that ruling, Monsieur Marcel's and rue21's motion to intervene to state claims against American Express is entirely baseless. Monsieur Marcel and rue21 have provided no reason why the valid forum selection clause should not be enforced with respect to their claims against American Express, let alone met their burden of proving that this is an "exceptional case" where the forum selection clause is not entitled to "controlling weight". *See Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 579 (2013).

Second, the CAA contains an arbitration clause, which the Supreme Court upheld as valid and enforceable in a case also brought under the federal antitrust laws. *See Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304 (2013). As the Court explained, "consistent with [the] text [of the FAA], courts *must* 'rigorously enforce' arbitration agreements according to their terms". *Id.* at 2309 (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221 (1985) (emphasis added)).

---

[1] Plaintiffs Milam's Market and Grove Liquors LLC both operate under the B & R Supermarket parent merchant account with American Express. (4/18/16 Spellman Decl. ¶ 5, ECF No. 229-2). Thus, this motion refers to both entities collectively as "B & R Supermarket".

Either party to the CAA can elect to resolve claims in arbitration, and American Express intends to invoke that right for Monsieur Marcel's and rue21's claims.[2]

This Court should deny rue21 and Monsieur Marcel's motion to intervene with respect to their claims against American Express because the valid forum selection and arbitration clauses render intervention improper. *See Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298 (5th Cir. 1998) (affirming denial of motion to intervene where forum selection clause required that any claims between the two parties be brought in Peruvian courts).[3]

### STATEMENT OF FACTS

The gravamen of the amended complaint is that American Express conspired with other credit card networks, major card-issuing banks and a joint venture that develops and manages technical standards for credit card technology, to shift liability for certain fraudulent credit card charges from issuing banks to small merchants that had not obtained "certification" to accept chip-enabled credit cards by a set date, knowing that those merchants would be unable to install and have "certified" the necessary equipment and software in time to avoid the liability shift. (*See* Am. Compl., July 16, 2016, ECF No. 291.) Absent that conspiracy, Monsieur Marcel and rue21 suggest, the "chargebacks" for these fraudulent transactions occurring at their stores would have been borne by certain Defendants. Monsieur Marcel and rue21 claim that Defendants violated Section 1 of the Sherman Antitrust Act; California's, New York's and Florida's antitrust laws; certain state consumer protection laws; and also allege that Defendants have been (and are being) unjustly enriched.

---

[2] Before filing a lawsuit against American Express, Monsieur Marcel and rue21 were required to provide American Express with written notice of a claim (4/18/16 Spellman Decl. Ex. C, 2014 CAA §§ 1.c; 7.a, ECF No. 229-5.), which they failed to do.

[3] In addition, as set forth in Defendants American Express, MasterCard, Visa and EMVCo's Motion to Dismiss Amended Complaint, the amended complaint fails to state a claim. For that independent reason, this Court should deny the motion to intervene in its entirety, as to Monsieur Marcel, rue21 and Fine Fair, on grounds of futility. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile).

American Express issues chargebacks to merchants according to the terms of the CAA.  rue21 has been an American Express merchant since February 5, 1992, after it was provided with a copy of the CAA and when it began accepting American Express credit cards.  (*See* 5/13/16 Spellman Decl. Ex. 1, 1992 CAA, p. 1, ECF No. 256-1 ("By accepting [American Express] Cards for the purchase of goods and/or services, you agree to be bound by this Agreement.").)  Monsieur Marcel has been an American Express merchant since March 10, 2014, after it was provided with a copy of the CAA and when it began accepting American Express credit cards.  (*See* 4/18/16 Spellman Decl. Ex. C, 2014 CAA, p. 7, ECF No. 229-5 ("By accepting [American Express] Cards, you agree to be bound by this Agreement.").)

Under the CAA, American Express has the right to issue chargebacks "as described in the Merchant Regulations".  (4/18/16 Spellman Decl. Ex. C, 2014 CAA, § 2.b.v, ECF No. 229-5; Ex. B, 2015 CAA Amendment, ECF No. 229-4.)  Merchants were given over three years' notice that the Fraud Liability Shift would occur in October 2015.  (*See* 4/18/16 Spellman Decl. Ex. I, Press Release, ECF No. 229-11; Ex. D, 2013 CAA, p. 3, ECF No. 229-6.)  In October 2015, American Express issued updated Merchant Regulations instituting the Fraud Liability Shift, under which merchants that are not certified to accept EMV transactions may be liable for chargebacks for certain fraudulent transactions.  (*See* 4/18/16 Spellman Decl. Ex. H, October 2015 American Express Merchant Regulations - U.S., ECF No. 229-10.)  The current version of the CAA, to which American Express, Monsieur Marcel and rue21 are parties, contains a forum selection clause and an arbitration provision.

1. The Forum Selection Clause

The CAA has contained a forum selection clause since at least 2002.  (5/13/16 Spellman Decl. ¶ 9, ECF No. 256-1.)  The current version of that clause, which has been in effect since October 2015, states that subject to the CAA's dispute resolution provisions "any action by either party hereunder shall be brought only in the appropriate federal or state court located in the County and State of New York".  (*See* 4/18/16 Spellman Decl. Ex. B, 2015 CAA Amendment, p. 3, 229-4.)

3
DEFENDANT AMERICAN EXPRESS COMPANY'S OPPOSITION TO MOTION TO INTERVENE NAMED PLAINTIFFS: CASE NO. 3:16-CV-01150-WHA

2. **The Arbitration Provision**

Since October 1999, the standard Card Acceptance Agreement between American Express and its merchants has included a broad arbitration provision. (4/18/16 Spellman Decl. ¶ 8, ECF No. 229-2.) The current version of that arbitration provision, which has been in effect since October 2015, defines a "Claim" as follows:

> *Claim* means *any claim* (including initial claims, counterclaims, cross-claims, and third party claims), dispute, or controversy between you and us *arising from or relating to the Agreement* or prior Card acceptance agreements, *or the relationship resulting therefrom*, whether based in contract, tort (including negligence, strict liability, fraud, or otherwise), statutes, regulations, or any other theory, including any question relating to the existence, validity, performance, construction, interpretation, enforcement, or termination of the Agreement or prior Card acceptance agreements, or the relationship resulting therefrom, except for the validity, enforceability, or scope of section 7.c of the General Provisions.

(4/18/16 Spellman Decl. Ex. C, 2014 CAA, § 1.c, ECF No. 229-5 (emphasis added).) The arbitration provision provides in relevant part that:

> You or we may elect to resolve any Claim by individual, binding arbitration.
>
> \* \* \*
>
> If arbitration is chosen by any party, neither you nor we will have the right to litigate that Claim in court or have a jury trial on that Claim. Further, you and we will not have the right to participate in a representative capacity or as a member of any class pertaining to any Claim subject to arbitration. . . . Except as set forth below, the arbitrator's decision will be final and binding. Other rights you or we would have in court may also not be available in arbitration.

(4/18/16 Spellman Decl. Ex. C, 2014 CAA § 7.c, ECF No. 229-5.) The CAA further provides that claims will be "referred to either JAMS or AAA" and resolved under the rules of the selected organization "except where those rules conflict with [the] Agreement". (4/18/16 Spellman Decl. Ex. C, 2014 CAA § 7.c.i, ECF No. 229-5.)

Since at least February 5, 1992, American Express's CAAs with rue21 have contained a provision permitting American Express to amend the CAA from time to time upon notice to rue21.

4
DEFENDANT AMERICAN EXPRESS COMPANY'S OPPOSITION TO MOTION TO INTERVENE NAMED PLAINTIFFS: CASE NO. 3:16-CV-01150-WHA

(*See* 5/11/16 Spellman Decl. ¶¶ 5-6, ECF No. 256-1.)[4]  Since at least March 10, 2014, American Express's CAAs with Monsieur Marcel have contained a provision permitting American Express to amend the CAA from time to time upon notice to Monsieur Marcel.  (*See* 5/11/16 Spellman Decl. ¶¶ 4, 6, ECF No. 256-1.)  Merchants—including rue21 and Monsieur Marcel—who do not wish to be bound by an amendment are free to terminate the agreement without cause "at any time by notifying the other party".  (4/18/16 Spellman Decl. Ex. C, 2014 CAA § 6.a, ECF No. 229-5.)  American Express never received any such notice from rue21 or Monsieur Marcel.  Thus, from well before the claims alleged here accrued and right up to the present time, rue21 and Monsieur Marcel have been subject to the CAA's arbitration provisions.

## ARGUMENT

Monsieur Marcel's and rue21's claims against American Express arise from and/or relate to the CAA, and consequently, any lawsuit between Monsieur Marcel or rue21 and American Express must be brought in federal or state court in Manhattan.  This Court has already determined that the CAA's forum selection clause is valid and enforceable, and that B & R Supermarket—which is identically positioned to Monsieur Marcel and rue21 with regard to the CAA—cannot meet the heavy burden required to prevent this action from proceeding in the parties' preselected forum.  Moreover, because Monsieur Marcel's and rue21's claims arise from and/or relate to the chargeback provisions of the CAA, those claims are subject to the broad, binding arbitration clause which

---

[4] The current version of this provision states in relevant part:

> We reserve the right to change the Agreement at any time (including by amending any of its provisions, adding new provisions, or deleting or modifying existing provisions) on at least ten days' prior notice to you, provided that we shall change the Merchant Regulations pursuant to the provisions set forth below.  You agree to accept all changes (and further to abide by the changed provisions in the Merchant Regulations) as a condition of your agreement to accept the Card.

(4/18/16 Spellman Decl. Ex. B, 2015 Amendment, p. 2, ECF No. 229-4 (amending first sentence of § 8.j); Ex. C, 2014 CAA, § 8.j, ECF No. 229-5.)

5
DEFENDANT AMERICAN EXPRESS COMPANY'S OPPOSITION TO MOTION TO INTERVENE NAMED PLAINTIFFS: CASE NO. 3:16-CV-01150-WHA

requires arbitration at the request of either party. For these reasons, and as set forth below, Monsieur Marcel and rue21 should not be allowed to intervene against American Express in this case.

I. THE CAA'S FORUM SELECTION CLAUSE BARS MONSIEUR MARCEL AND RUE21 FROM INTERVENING IN THIS CASE.

The CAA specifies that any disputes under that agreement shall be litigated exclusively "in the appropriate federal or state court located in the County and State of New York". (4/18/16 Spellman Decl. Ex. B, 2015 Amendment, p. 3, ECF No. 229-4.) This Court has previously found that forum selection clause valid and enforceable and has concluded that it encompasses the claims in this case. (Order Granting Motion to Transfer, June 24, 2016, ECF No. 282.) That decision bars Monsieur Marcel and rue21 from intervening here. Even without that order, when parties have agreed to a forum selection clause, the preselected forum is entitled to "controlling weight in all but the most exceptional cases". *Atl. Marine*, 134 S. Ct. at 579. Monsieur Marcel and rue21, "as the part[ies] defying the forum-selection clause", bear the burden of proving that it should not be enforced. *See id.* at 581. Because they cannot meet that burden, this Court should deny their motion to intervene against American Express.

A. Law of the Case Dictates That the Forum Selection Clause Is Valid and Enforceable.

This Court has already determined that the CAA's forum selection clause is valid and enforceable. Under law of the case doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case". *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993). The policies supporting law of the case doctrine apply "with even greater force to transfer decisions than to decisions of substantive law". *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988).

When this Court enforced the forum selection clause against B & R Supermarket by severing and transferring its claims against American Express to the Southern District of New York, the Court also acknowledged that its decision on the motion to transfer would likely apply to proposed intervenors, Monsieur Marcel and rue21. (Order Granting Motion to Transfer 3-4, June 24, 2016, ECF No. 282.) Because Monsieur Marcel and rue21 are subject to the same forum selection

1  clause, their claims—like B & R Supermarket's claims—also arise under the CAA. Therefore,
2  Monsieur Marcel and rue21 must bring their claims against American Express in federal or state court
3  in Manhattan. To allow Monsieur Marcel and rue21 to intervene in the present case would
4  undermine the goals of the law of the case doctrine – to "afford courts the security of consistency
5  within a single case while at the same time avoiding the wastefulness, delay, and overall wheel-
6  spinning that attend piecemeal consideration of matters which might have been previously
7  adjudicated". 18B Charles Alan Wright et al., *Federal Practic & Procedure* § 4478 (2d ed. 2016).

   B.   The Forum Selection Clause Is Valid.

9        Even if the Court chooses to revisit the analysis, it is clear that the CAA's forum
10 selection clause is valid and should be enforced. Courts have consistently recognized parties' rights
11 to agree on a preselected forum. *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315-16 (1964)
12 ("[I]t is settled . . . that parties to a contract may agree in advance to submit to the jurisdiction of a
13 given court."). Such an agreement is presumed valid. *E. Bay Women's Health, Inc. v. gloStream,
14 Inc.*, No. C 14-00712 WHA, 2014 WL 1618382, at *1 (N.D. Cal. Apr. 21, 2014) ("A forum-selection
15 clause is presumptively valid and should not be set aside unless the party challenging enforcement of
16 the clause can prove that it is unreasonable or fundamentally unfair."); *see also M/S Bremen v.
17 Zapata Off-Shore Co.*, 407 U.S. 1, 9-10 (1972) ("[F]orum-selection clauses . . . are prima facie
18 valid."). Federal law governs a federal district court's enforcement of a forum selection clause. *Atl.
19 Marine*, 134 S. Ct. at 579.

20       A forum selection clause should not be repudiated unless: (1) "the inclusion of the
21 clause in the agreement was the product of fraud or overreaching"; (2) "the party wishing to repudiate
22 the clause would effectively be deprived of his day in court were the clause enforced"; or
23 (3) "enforcement would contravene a strong public policy of the forum in which suit is brought".
24 *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998) (quoting *Bremen*, 407 U.S. at 12-
25 13, 15, 18). Monsieur Marcel and rue21 bear the burden of "clearly show[ing] that enforcement
26 would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or

overreaching". *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 512 (9th Cir. 1988) (citing *Bremen*, 407 U.S. at 15).

A forum selection clause is considered valid regardless of its "take it or leave it" nature or the difference in size between the parties. *See, e.g.*, *E. Bay Women's Health*, No. C 14-00712, 2014 WL 1618382, at *4 (a court may not "decline enforcement of a forum selection merely on the showing of non-negotiability and power difference") (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1141 (9th Cir. 2003)); *E. & J. Gallo Winery v. Andina Licores S.A.*, 44 F. Supp. 2d 1115, 1126 (E.D. Cal. 2006) (enforcing a form, pre-printed contract signed by one large corporation and one smaller corporation).

Although Monsieur Marcel and rue21 attempt to intervene in this case and bring claims against American Express, they do not—and cannot—contest the validity of the CAA's forum selection clause. The agreement was not the result of fraud or overreaching, enforcement will not deprive Monsieur Marcel or rue21 of the ability to litigate, and there is no strong public policy preventing enforcement. This district court is no better situated to enforce the antitrust laws than the district court in New York. Indeed, "California favors contractual forum selection clauses so long as they are entered into freely and voluntarily and their enforcement would not be unreasonable." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1287 (9th Cir. 2006). Because Monsieur Marcel and rue21 cannot satisfy their burden, this Court should enforce the CAA's forum selection clause and bar them from intervening against American Express in this case.

    C.    Monsieur Marcel and rue21's Claims Against American Express Fall Under the Scope of the Forum Selection Clause.

The CAA's forum selection clause encompasses Monsieur Marcel's and rue21's claims against American Express. Courts interpret the scope of forum selection clauses expansively. *See, e.g.*, *Universal Grading Serv. v. eBay, Inc.*, No. 08-CV-3557, 2009 WL 2029796, at *14 (E.D.N.Y. June 10, 2009) (construing forum selection clause broadly "in keeping with the public policy favoring their use" and Second Circuit precedent). In particular, when a forum selection clause, such as the one in the CAA, contains language such as "relating to", "in connection with" or

"arising from", courts interpret the clause to encompass non-contract claims such as antitrust claims. *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1361 (2d Cir. 1993) (adopting broad reading in recognition of "strong public policy in favor of forum selection and arbitration clauses"); *see also Bense v. Interstate Battery Sys. of Am., Inc.*, 683 F.2d 718, 722 (2d Cir. 1982) (enforcing forum selection clause in case involving Sherman and Clayton Acts); *Joseph v. Amazon.com, Inc.*, No. C12-06256, 2013 WL 4806462, at *4 (N.D. Cal. Sept. 9, 2013) (reasoning that a forum selection clause using the phrase "relating to" should be interpreted broadly); *Person v. Google Inc.*, 456 F. Supp. 2d 488, 491, 498-99 (S.D.N.Y. 2006) (enforcing forum selection clause with respect to federal and state antitrust claims).

Monsieur Marcel's and rue21's antitrust claims fall under the scope of the CAA's forum selection clause. Under the terms of the CAA, "all Claims are governed by and shall be enforced according to the laws of the State of New York", and, subject to the CAA's dispute resolution provision, "any action by either party hereunder shall be brought only in the appropriate federal or state court located in the County and State of New York". (4/18/16 Spellman Decl. Ex. C, 2014 CAA, § 8.e, ECF No. 229-4; 4/18/16 Spellman Decl. Ex. B, 2015 CAA Amendment, p. 3, ECF No. 229-5.) The CAA defines a "Claim" as "any claim (including initial claims, counterclaims, cross-claims, and third party claims), dispute, or controversy between [the merchant] and [American Express] *arising from* or *relating to* the Agreement or prior Card acceptance agreements, or the relationship resulting therefrom". (4/18/16 Spellman Decl. Ex. C, 2014 CAA, § 1.c, ECF No. 229-5 (emphases added).) The CAA also makes clear that the definition of "Claim" applies whether the cause of action is "based in contract, tort (including negligence, strict liability, fraud, or otherwise), *statutes*, regulations, or any other theory". (*Id.* (emphasis added).) Monsieur Marcel and rue21 allege that American Express conspired with the other Defendants to shift the liability for certain fraudulent charges to merchants. (Am. Compl., July 15, 2016, ECF No. 291.) American Express implemented the liability shift at issue in this case through the Merchant Regulations, which are encompassed in the CAA's chargeback provision. (*See* 4/18/16 Spellman Decl. Ex. C, 2014 CAA, §§ 1.c., 2.v, ECF No. 229-5; Ex. H, Merchant Regulations, ECF No. 229-10.) Thus, Monsieur Marcel's

and rue21's claims against American Express "aris[e] from" and "relat[e] to the [CAA]" and fall within the scope of the forum selection clause.

## II. THE CAA'S ARBITRATION CLAUSE BARS MONSIEUR MARCEL AND RUE21 FROM INTERVENING IN THIS CASE.

Monsieur Marcel's and rue21's claims against American Express are subject to the arbitration clause in the CAA, which precludes Monsieur Marcel and rue21 from intervening in this case because it entitles American Express to resolve this dispute in arbitration.[5] Under Section 2 of the FAA, a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract". 9 U.S.C. § 2. As the Supreme Court has stated, "our cases place it beyond dispute that the FAA was designed to promote arbitration", and "[t]hey have repeatedly described the Act as embodying a national policy favoring arbitration". *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 345-46 (2011) (quotations and citations omitted). The Court explained that, "consistent with [the] text [of the FAA], courts *must* 'rigorously enforce' arbitration agreements according to their terms". *Italian Colors*, 133 S. Ct. at 2309 (quoting *Dean Witter*, 470 U.S. at 221 (emphasis added)). The party seeking to avoid arbitration bears the burden of showing that the arbitration provision is invalid or does not encompass the claims at issue. *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 92 (2000).

As detailed above and in the May 13, 2016 declaration of Lindsey Spellman, Monsieur Marcel and rue21 entered into a CAA with American Express that included a binding arbitration provision. (*See* 5/13/16 Spellman Decl. ¶¶ 6-10, ECF No. 256-1.) Because that provision is valid and encompasses the claims here, Monsieur Marcel and rue21 should not be permitted to intervene and bring claims against American Express in this case. *See Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004.

---

[5] With regard to B & R Supermarket's claim against American Express, this Court explained its rationale in reaching the forum selection issue only, so that the transferee court would decide the question of arbitrability. That same result should obtain here, so that this Court's consideration of the argument in this Section II is unnecessary if the Court proceeds as it did previously.

A. The Arbitration Provision Is Valid.

Under New York law, which governs the CAA, the arbitration provision is valid and enforceable.[6] (*See* Spellman Decl. Ex. C, 2014 CAA, § 8.e, ECF No. 229-5 ("The Agreement and all Claims are governed by and shall be construed and enforced according to the laws of the State of New York without regard to internal principles of conflicts of law.").) The arbitration clause is not unconscionable under New York law. A contract is unconscionable under New York law when it is "so grossly unreasonable or unconscionable in the light of the mores and business practices of the time and place as to be unenforceable [*sic*] according to its literal terms". *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 121 (2d Cir. 2010) (quoting *Gillman v. Chase Manhattan Bank*, 534 N.E.2d 824, 828 (N.Y. 1988)). Unconscionability has a procedural and substantive component—the "procedural element . . . concerns the contract formation process and the alleged lack of meaningful choice; the substantive element looks to the content of the contract". *Id.* at 121-22.

The arbitration clause is not procedurally unconscionable. In determining whether the process of entering into a contract was procedurally unconscionable, "a court must assess such factors as: (1) the size and commercial setting of the transaction; (2) whether there was a lack of meaningful choice by the party claiming unconscionability; (3) the experience and education of the party claiming unconscionability; and (4) whether there was disparity in bargaining power." *Dall. Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 787 (2d Cir. 2003) (internal quotations omitted). Inequality in bargaining power alone is insufficient to render a provision procedurally unconscionable, as is the fact that a provision was offered on a "take-it-or-leave-it" basis. *See Nayal v. HIP Network Servs. IPA, Inc.*, 620 F. Supp. 2d 566, 571 (S.D.N.Y. 2009). Monsieur Marcel and rue21 are commercial operations. (Am. Compl. ¶¶ 16, 21, July 15, 2016, ECF No. 291.) Monsieur Marcel and rue21 were not presented with a "lack of meaningful choice" in entering the

---

[6] As set forth in American Express's Motion to Compel Arbitration and Transfer Venue, April 18, 2016, ECF No. 229 and American Express's Supplemental Motion to Compel Arbitration and Transfer Venue of Intervening Plaintiffs' Claims, May 13, 2016, ECF No. 256, the validity of the arbitration agreement is governed by New York law.

CAA—American Express regularly sent, and Monsieur Marcel and rue21 received, notice of the arbitration clause in American Express's regular merchant mailing.  (*See* 5/13/2016 Spellman Decl. ¶¶ 10-15, ECF No. 256-1.)  If Monsieur Marcel or rue21 objected to the clause, they could have chosen not to accept the American Express card, like the millions of U.S. merchant locations that have accepted Visa, MasterCard and/or Discover cards without accepting American Express cards. *See United States v. Am. Express Co.*, 88 F. Supp. 3d 143, 158 (E.D.N.Y. 2015) ("American Express is accepted in approximately three million fewer merchant locations than Visa, MasterCard, and Discover.").

The arbitration clause is also not substantively unconscionable.  "An agreement is substantively unconscionable if it is so grossly unreasonable as to be unenforceable according to its literal terms and those contract terms are unreasonably favorable to the party seeking to enforce the contract." *Isaacs v. OCE Bus. Servs., Inc.*, 968 F. Supp. 2d 564, 569 (S.D.N.Y. 2013).  The terms of the CAA arbitration provision are reasonable and do not favor American Express over merchants. The Agreement gives *either* party the right to seek arbitration.  (*See* 4/18/16 Spellman Decl. Ex. C, 2014 CAA, § 7.c, ECF No. 229-5.)  Pursuant to the CAA, American Express will pay the costs of "any additional arbitration fees" beyond "the amount of filing fees [a merchant] would have incurred" by bringing a claim in court.  (*See* 4/18/16 Spellman Decl. Ex. C, 2014 CAA, § 7.c.ix, ECF No. 229-5.)  JAMS and the AAA are the leading neutral arbitration services in the United States, and have sterling reputations for procedural and substantive fairness.

B.   Monsieur Marcel's and rue21's Claims Fall Within the Scope of the Parties' Agreement To Arbitrate.

Because the arbitration provision is valid, it should be enforced (and Monsieur Marcel and rue21 should be precluded from intervening in this case against American Express) as long as the arbitration clause encompasses Monsieur Marcel's and rue21's dispute—which it does.  *See Lifescan*, 363 F.3d at 1012.  The CAA's arbitration provision unambiguously obligates the parties, at the election of either party, to arbitrate:

> any claim, . . . dispute, or controversy between [the Merchant] and [American Express] arising from or relating to the Agreement or prior

> Card acceptance agreements, or the relationship resulting therefrom, whether based in contract, tort . . . , statutes, regulations or any other theory . . . .

(4/18/16 Spellman Decl. Ex. C, 2014 CAA, §§ 1.c., 7.c, ECF No. 229-5.) The CAA gives American Express the power to issue chargebacks "as described in the Merchant Regulations" (4/18/16 Spellman Decl. Ex. C, 2014 CAA, §§ 1.c, 2.v, ECF No. 229-5), which contain the provisions effectuating the Fraud Liability Shift (*see* 4/18/16 Spellman Decl. Ex. H, Merchant Regulations, ECF No. 229-10.).

The CAA's expansive arbitration provision encompasses Monsieur Marcel's and rue21's antitrust claims. The Federal Arbitration Act "expresses a liberal federal policy favoring arbitration agreements" such that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 223 (2d Cir. 2001) (internal citations and quotations omitted); *cf. Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000) (same in Ninth Circuit). To determine the scope of an arbitration agreement, a court should consider whether the language of the clause, "taken as a whole, evidences the parties' intent to have arbitration serve as the primary recourse for disputes connected to the agreement containing the clause, or if, on the other hand, arbitration was designed to play a more limited role in any future dispute". *Louis Dreyfus*, 252 F.3d at 225. The Second Circuit has interpreted a similar but narrower arbitration clause to be broadly applicable. *Abram Landau Real Estate v. Bevona*, 123 F.3d 69, 71 (2d Cir. 1997); *cf. Chiron Corp.*, 207 F.3d at 1131 (finding a similar but narrower provision to be "broad and far reaching"). That provision limited arbitration to any claims of "interpretation, application or performance" of the agreement. *Abram Landau*, 123 F.3d at 71; *cf. Chiron*, 207 F.3d at 1131 (arbitration limited to claims "*relating to* the validity, construction, enforceability or performance of [the] Agreement"). Here, the CAA requires arbitration of claims "arising from or relating to the Agreement or prior Card acceptance agreements", without any limitation to questions of interpretation, application or performance. (*See* 4/18/16 Spellman Decl. Ex. C, 2014 CAA, §§ 1.c, 7.c, ECF No. 229-5.) Thus, Second Circuit precedent demands that this CAA's provision must be read broadly.

13
DEFENDANT AMERICAN EXPRESS COMPANY'S OPPOSITION TO MOTION TO INTERVENE NAMED PLAINTIFFS: CASE NO. 3:16-CV-01150-WHA

This broad and far reaching provision encompasses Monsieur Marcel's and rue21's claim that American Express "conspired to shift billions of dollars in liability for fraudulent . . . consumer payment-card transactions from [itself] to the Class". (Am. Compl. ¶ 2, July 15, 2015, ECF No. 291.) The chargeback provision in the CAA is an integral part of Monsieur Marcel's and rue21's theory of liability—American Express effectuated the Liability Shift by changing the Merchant Regulations, which are encompassed in the CAA's chargeback provision. (*See* 4/18/16 Spellman Decl. Ex. C, 2014 CAA, §§ 1.c., 2.v, ECF No. 229-5; Ex. H, Merchant Regulations, ECF No. 229-10.) Put differently, if American Express had not altered the fraud liability provisions in its CAA, it could not have been a defendant in this lawsuit. Thus, the valid and enforceable arbitration provision "encompasses" Monsieur Marcel's and rue21's claims; American Express is entitled to resolve those claims in arbitration; and Monsieur Marcel and rue21 should not be permitted to intervene with claims against American Express in this action.

**CONCLUSION**

This Court has already found the CAA's forum selection clause valid and enforceable against Plaintiff B & R Supermarket and has severed and transferred those claims to the Southern District of New York. Monsieur Marcel and rue21 never explain why that decision does not apply with equal force to prevent them from intervening to state any claim against American Express in this case. They also ignore the CAA's arbitration provision, which provides another ground for denying their motion to intervene against American Express. For the reasons stated above, Monsieur Marcel and rue21's motion to intervene should be denied with respect to their claims against American

Express, and the motion to intervene should be denied in its entirety on the ground of futility if the Court grants defendants' motion to dismiss the amended complaint.

DATED: August 5, 2016

CRAVATH, SWAINE & MOORE LLP

s/ Rowan D. Wilson
ROWAN D. WILSON
LAUREN K. ROSS

825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
Fax: (212) 474-3700

*Attorneys for Defendant
American Express Company*