**ROBBINS GELLER RUDMAN & DOWD LLP**

| | | | | |
|---|---|---|---|---|
| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

December 19, 2016

VIA ECF

The Honorable Maria-Elena James
United States District Court
　　for the Northern District of California
450 Golden Gate Avenue
Ctrm. B - 15th Floor
San Francisco, CA  94102

　　　　Re:　　*B & R Supermarket, Inc., et al. v. Visa, Inc., et al.*,
　　　　　　　No. 3:16-cv-01150-WHA (N.D. Cal.)

Dear Magistrate Judge James:

　　　　In accordance with this Court's Discovery Standing Order and Notice of Referral for Discovery, Dkt. No. 370, December 5, 2016, American Express Company ("American Express") and B & R Supermarket, Inc., Grove Liquors LLC, Strouk Group LLC (d/b/a Monsieur Marcel), Palero Food Corp., and Cagueyes Food Corp. (d/b/a Fine Fare Supermarket) ("Plaintiffs") met and conferred in person for the purpose of resolving the discovery disputes pending before the Court. *See* Dkt. Nos. 357, 360, 367.  Despite each party's good faith attempt to resolve the dispute, we were unable to reach a resolution.  Thus, pursuant to this Court's Discovery Standing Order, we submit the following joint letter setting forth the relevant factual background of the dispute concerning Topic 9 of Plaintiffs' 30(b)(6) Notice and a detailed summary of each party's position and proposed compromise.

Respectfully submitted,

| */s/ Alexandra S. Bernay* | */s/ Rowan D. Wilson* |
|---|---|
| Alexandra S. Bernay | Rowan D. Wilson |
| **ROBBINS GELLER RUDMAN & DOWD LLP** | **CRAVATH, SWAINE & MOORE LLP** |
| Counsel for Plaintiffs | Counsel for American Express Company |

cc:　　All Counsel of Record (*via* ECF)

**ROBBINS GELLER RUDMAN & DOWD LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

## JOINT STATEMENT OF FACTS

Plaintiffs are three merchants, suing as representatives of a putative class (or classes). They claim that Defendants American Express, Discover, Mastercard and Visa violated competition laws by instituting policies that shifted liability for certain fraudulent card transactions from issuing banks to merchants that had not obtained certification to accept chip-enabled EMV cards by a set date. Based on forum selection provisions in American Express's agreements with merchants who accept its cards for payment, Judge Alsup severed and transferred the claims of two of the three plaintiffs (B&R Supermarket and Monsieur Marcel) to the United States District Court for the Southern District of California. Plaintiff Fine Fare does not accept American Express cards, and its claims against American Express remain in this lawsuit.

Following the Court's September 30, 2016 order on the motion to dismiss in this action, *see* Dkt. No. 346, on October 7, 2016, Plaintiffs served on Defendants, including American Express, a notice under Fed. R. Civ. P. 30(b)(6) containing ten topics. On October 13, 2016, American Express and Plaintiffs had a call on which the parties agreed to meet and confer specifically about Plaintiffs' 30(b)(6) notice. *See* Dkt. No. 367-3 at 4-5. American Express advised Plaintiffs that it was working to identify a witness(es) and would offer a date once the witness(es) was determined. *See id.*

The subject of the current dispute is limited to Topic 9 of the 30(b)(6) notice which states:

> The identity and description of your electronic databases, computer operating systems, record-keeping and record maintenance storing or containing documents responsive to Plaintiffs' Requests for Production and any of the subjects in Topics 1-6 from the October 7, 2016 Notice of Rule 30(b)(6) Deposition of Defendant American Express Company, including: (a) the name and position of persons who have physical possession of the documents; (b) where those documents are currently located; (c) the time period covered by those documents; (d) how those documents are maintained (i.e., in hard copy or electronic format); (e) if the documents are maintained electronically, then the identity of the software used to maintain the information; and (f) the time period for which you maintain the documents.

When Plaintiffs and American Express first met and conferred about Topic 9 in late October, the parties had been simultaneously addressing certain matters related to data requests in Plaintiffs' First and Second Set of Requests for Production of Documents, specifically Requests 5, 12 and 13, which relate to data. A dispute relating to these Requests is the subject of a separate joint letter to Your Honor, which was initially brought to the District Court's attention in a November 8, 2016 letter filed by Plaintiffs. *See* Dkt. No. 357. Following this letter to the Court, American Express informed Plaintiffs that it would not agree to move forward with the 30(b)(6) deposition on Topic 9 until the scope of the data production issue was resolved since it would affect the scope of the deposition and preparation of the 30(b)(6) witness(es). *See* Dkt. No. 367. On November 17, 2016 Plaintiffs renoticed the Topic 9 deposition. On November 18, 2016 Plaintiffs filed a letter with the District Court regarding the Topic 9 dispute. Dkt. No. 360. Pursuant to Judge

**Robbins Geller Rudman & Dowd LLP**

The Honorable Maria-Elena James
December 19, 2016
Page 3

Alsup's Supplemental Standing Order, American Express waited for the Court to advise the parties whether a response, written motion, telephone conference or court hearing would be required. On November 23, 2016, the Court ordered American Express to respond by November 28, 2016. *See* Dkt. No. 366. Pursuant to that order, American Express filed a letter responding to both discovery disputes. *See* Dkt. No. 367.

Plaintiffs believe that a deposition of a knowledgeable American Express representative is proper and that such a deposition should take place as soon as possible. American Express believes that such a deposition should occur after the Court determines the ongoing dispute regarding Requests 5, 12 and 13, so that the scope of the deposition will be clearly established.

**I.      Plaintiffs' Position and Proposed Compromise:**

The Federal Rules of Civil Procedure broadly interpret relevancy, such that each party has the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "[R]elevant information need not be admissible at trial if discovery appears reasonably calculated to lead to discovery of admissible evidence." *Id*. A party seeking to compel discovery must establish the request satisfies the relevancy requirements of Rule 26. *See Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). "In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). Here, Plaintiffs' Topic 9 is plainly relevant to a number of issues in this litigation. Understanding the types of data American Express has access to and how that data is kept provides a baseline for Plaintiffs so that we can tailor our discovery requests in a way that comports with American Express's actual systems. Moreover, understanding the systems and available data allows Plaintiffs to work with their experts to determine what data American Express maintains is necessary for a model supporting impact and damages at class certification. And the information covered by Topic 9 is also generally relevant in that Plaintiffs need to understand how American Express (and all defendants) keep and maintain their systems in order to properly craft document requests.

American Express contends Plaintiffs should receive no information by way of a 30(b)(6) deposition until the Court rules on outstanding disputes regarding data production, but this is ill-conceived because regardless of the determination of that data dispute, Plaintiffs will still be entitled to explore via deposition the matters contained in Topic 9. The scope of Topic 9 will not change based on the result of the data dispute. As this Court held in *Campbell v. Facebook Inc.*, 310 F.R.D. 439, 449 (N.D. Cal. 2015), where defendant Facebook had produced source code and plaintiffs sought a 30(b)(6) deposition regarding the same source code, "Plaintiffs have a right to verify and explore the information [defendant] provided through a 30(b)(6) deposition, which 'permit[s] the examining party to discover the corporation's position via a witness designated by the corporation to testify on its behalf.'" *Id*. at 449 (citations omitted.)

1217041_1

Robbins Geller
Rudman & Dowd LLP

The Honorable Maria-Elena James
December 19, 2016
Page 4

Plaintiffs note that American Express contends in its part of the joint statement that it agreed to and did provide sample data to Plaintiffs, but it was not until after 5 p.m. on Friday, December 16, 2016, that anything was received and that was only after Plaintiffs questioned a statement in American Express's part of the joint statement. This last-second effort to appear as if they are compliant, is improper. Moreover, it is no answer to say that Plaintiffs received the information they need based on extremely general statements made by its counsel. That is no substitute for the discovery to which Plaintiffs are entitled.

Plaintiffs' Proposed Compromise: While Plaintiffs believe there is no substitute for an in-person deposition of a knowledgeable employee of American Express to address matters subject to Topic 9, Plaintiffs' compromise position would be to require American Express to provide data responsive to Plaintiffs' Requests 5, 12 and 13 and a detailed, admissible, written narrative responsive to Topic 9, which would be sufficient to explain the data produced pursuant to Plaintiffs' Requests 5, 12 and 13. An attorney proffer would not be sufficient and Plaintiffs would further request the opportunity to ask follow-up questions by way of an in-person deposition following the Court's determination of the parallel dispute regarding discovery requests.

## II.    American Express's Position and Proposed Compromise

The issue raised in Plaintiffs' November 18, 2016, letter—a 30(b)(6) deposition of American Express on Topic 9—will be resolved by resolution of the dispute concerning the production of transaction-level data.

After Plaintiffs served their initial 30(b)(6) notice, the parties discussed the scope of the notice. American Express advised Plaintiffs that it was working to identify a witness or witnesses, and would offer possible dates once the witness(es) was determined. Plaintiffs were satisfied until the disagreement over Plaintiffs' data requests came to a head. When discussing Plaintiffs' data requests on November 1, 2016, Plaintiffs demanded that American Express move forward with a deposition on Topic 9 before Thanksgiving. See ECF No. 357-7. When Plaintiffs raised the data issue with the Court on November 8, 2016, American Express informed Plaintiffs' counsel that it would wait for the Court to resolve the scope of the data issue before proceeding with a deposition on Topic 9, because resolution of the data issue would determine the scope of the 30(b)(6) deposition and the preparation of the corporate representative. Alternatively, it offered to proceed with a deposition on Topic 9 if Plaintiffs withdrew their letter to the Court and limited the scope of Topic 9 so that it excluded transaction-level fraud data. See ECF No. 367-4 at 2. Plaintiffs declined. See ECF No. 367-4 at 1.

Topic 9 covers "[t]he identity and description of your electronic databases, computer operating systems, record-keeping and record maintenance storing or containing documents responsive to Plaintiffs' Requests for Production." See ECF No. 360-1 [or Exhibit X]. Once the scope of the data obtainable by Plaintiffs in response to their Requests for Production is resolved,

1217041_1

**Robbins Geller Rudman & Dowd LLP**

The Honorable Maria-Elena James
December 19, 2016
Page 5

the parties will know the scope of the deposition on Topic 9. Thus, no separate resolution of this issue is required: American Express's 30(b)(6) witness will be prepared to answer questions depending on the Court's determination of the scope of the responsive documents.

Plaintiffs simply state that a 30(b)(6) witness is necessary because American Express has refused to provide them with anything more than the most general, non-specific information about how its systems are organized and what sources and types of electronic information are available to it. See ECF No. 360. For the same reason American Express's transaction-level data is not relevant, providing a witness to explain how American Express keeps such data on a granular level is also not relevant.

As discussed in joint letter on the data dispute, there are no claims in this litigation by American Express merchants against American Express—those have been transferred to the Southern District of New York pursuant to a valid forum selection clause. See ECF No. 282; ECF No. 358. The only claims in this litigation against American Express are brought by Fine Fair, as a representative of a putative (sub)class of merchants that do not accept American Express cards. Because the putative class never accepted American Express cards, the class, even if certified, could not recover damages based on anything having to do with American Express's chargebacks. The damages suffered by each of those merchants, if any, would be based on their chargebacks from Visa, MasterCard and/or Discover; American Express has no data concerning those chargebacks..

To the extent Plaintiffs believe it is "necessary" to depose an American Express witness on Topic 9 in order to obtain information on how American Express's systems are organized, see ECF No. 360, such a need no longer exists. During the November 29, 2016 meet and confer, American Express specifically explained that the data requested is not all in one place but instead is scattered across various databases. For example, American Express explained that one database has transaction-level fraud chargeback data, including the merchant ID, the amount of the chargeback, the date it was first raised with American Express as a potential chargeback, and the chargeback reason code. It also explained that a second database has the merchant characteristics requested, and a third database has card type for proprietary cards. American Express specifically informed Plaintiffs that it would be unable to provide them with the type of card information for non-proprietary cards, as the issuers have access to that information, and not American Express. In fact, in Plaintiffs' December 2 letter to American Express summarizing the November 29 meet and confer, Plaintiffs conceded that American Express had conveyed to them the complexity of its database systems "noting that it involves multiple databases with multiple businesses and personnel."

Following the November 29 meet and confer, Plaintiffs requested American Express provide them with sample data including fields that are more readily available in order to assess how to limit their requests. Despite Plaintiffs' failure to explain why the sample data is relevant, American Express agreed and sent Plaintiffs sample data on December 16, 2016. This sample data

1217041_1

**Robbins Geller Rudman & Dowd LLP**

The Honorable Maria-Elena James
December 19, 2016
Page 6

combined with conversations between counsel and American Express's continuous document production should be sufficient for Plaintiffs to understand how American Express's systems are organized. Additionally, this is consistent with Plaintiff's position that "certain of the 30(b)(6) topics can likely be narrowed through informal conversations between counsel, pointed document productions, defendant declarations and attestations and the like." See ECF No. 367-3 at 5.

Plaintiffs have failed to explain why information on how American Express keeps all of its data, including all of the fields within the multiple databases, is relevant. As previously stated, American Express's 30(b)(6) witness will be prepared to answer questions depending on the Court's determination of the scope of the responsive documents.

1217041_1

CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 19, 2016.

                                          s/ Alexandra S. Bernay
                                          ALEXANDRA S. BERNAY

ROBBINS GELLER RUDMAN
     & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
E-mail: xanb@rgrdlaw.com

## Mailing Information for a Case 3:16-cv-01150-WHA B & R Supermarket, Inc., et al v. Visa, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Courtney Bedell Averbach**
  caverbach@reedsmith.com,courtney-averbach-3429@ecf.pacerpro.com,reed-smith-2312@ecf.pacerpro.com

- **Scott D. Baker**
  sbaker@reedsmith.com,cmosqueda@reedsmith.com,cshanahan@reedsmith.com,scott-baker-8371@ecf.pacerpro.com,reed-smith-2312@ecf.pacerpro.com,cristi-shanahan-4367@ecf.pacerpro.com,drothschild@reedsmith.com

- **Randi D. Bandman**
  randib@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **John Eliot Beerbower**
  jbeerbower@hunton.com

- **Paul Belonick**
  pbelonick@sidley.com,sfefilingnotice@sidley.com,jhiwa@sidley.com,sfdocket@sidley.com,paul-belonick-5747@ecf.pacerpro.com

- **Craig A Benson**
  CBenson@paulweiss.com,mao_fednational@paulweiss.com

- **Jane Petersen Bentrott**
  jbentrott@mofo.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com,E_File_SD@rgrdlaw.com,jkusy@rgrdlaw.com,AZohrabian@rgrdlaw.com,schateauneuf@rgrdlaw.com

- **Boris Bershteyn**
  boris.bershteyn@skadden.com

- **Daniel I Booker**
  dbooker@reedsmith.com,dalioto@reedsmith.com

- **Andrew Baldwin Brantingham**
  brantingham.andrew@dorsey.com,roadfeldt.christi@dorsey.com

- **Lonnie Anthony Browne**
  LBrowne@rgrdlaw.com

- **Melissa Colon-Bosolet**
  mcolon-bosolet@sidley.com,nyefiling@sidley.com,melissa-colon-bosolet-1976@ecf.pacerpro.com

- **Dana Lynn Cook-Milligan**
  dlcook@winston.com

- **Patrick J. Coughlin**
  PatC@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **John William Devine**
  jdevine@devinegoodman.com

- **Kelsie A Docherty**
  kdocherty@cravath.com

- **William Yates Durbin**
  WDurbin@paulweiss.com,fvella@paulweiss.com,cyang@paulweiss.com,jnoonan@paulweiss.com,mao_fednational@paulweiss.com,abaniel-stark@paulweiss.com

- **Howard Feller**
  hfeller@mcguirewoods.com

- **Tiffani B Figueroa**
  TFigueroa@mofo.com

- **Stephanie Ilana Fine**
  stephanie.fine@aporter.com

- **Natalie Anne Fleming Nolen**
  nflemingnolen@mofo.com

- **Kenneth A. Gallo**
  kgallo@paulweiss.com,mlaramie@paulweiss.com

- **Cheryl Ann Galvin**
  cgalvin@tcolaw.com

- **Lawrence Dean Goodman**
  lgoodman@devinegoodman.com,alopez@devinegoodman.com,smallet@devinegoodman.com

- **David F. Graham**
  dgraham@sidley.com,efilingnotice@sidley.com,david-graham-9409@ecf.pacerpro.com

- **Peter E Greene**
  peter.greene@skadden.com

- **Alexander Guney**
  alexander.guney@sedgwicklaw.com

- **Damaris Hernandez**
  dhernandez@cravath.com

- **D. Bruce Hoffman**
  bhoffman@hunton.com,acordero@hunton.com

- **Peter K. Huston**
  phuston@sidley.com,jhiwa@sidley.com,sfdocket@sidley.com,hebalogi@sidley.com

- **Susan S. Joo**
  sjoo@hunton.com,jocampo@hunton.com

- **J. Brent Justus**
  bjustus@mcguirewoods.com

- **Raoul Dion Kennedy**
  raoul.kennedy@skadden.com,alissa.turnipseed@skadden.com,james.schaefer@skadden.com,sarah.wood@skadden.com

- **Leslie Kostyshak**
  lkostyshak@hunton.com,jbeerbower@hunton.com

- **Harry P Koulos**
  harry.koulos@skadden.com

- **Evan R Kreiner**
  evan.kreiner@skadden.com

- **Robert J Kuntz , Jr**
  rkuntz@devinegoodman.com,vcerra@devinegoodman.com

- **Mark P. Ladner**
  mladner@mofo.com,nflemingnolen@mofo.com,stice@mofo.com,docketny@mofo.com,mark-ladner-4922@ecf.pacerpro.com

- **Alexandra Eve Laks**
  alaks@mofo.com,gina-gerrish-5550@ecf.pacerpro.com,ggerrish@mofo.com,alexandra-laks-0787@ecf.pacerpro.com

- **Angel Puimei Lau**
  alau@rgrdlaw.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Adrienne J Lighten**
  alighten@paulweiss.com

- **Casey Erin Lucier**
  clucier@mcguirewoods.com

- **Martha Corcoran Luemers**
  eFilingPA@dorsey.com,luemers.martha@dorsey.com,evans.elyssa@dorsey.com

- **Michelle Ann Mantine**
  mmantine@reedsmith.com,michelle-mantine-7250@ecf.pacerpro.com,dsharp@reedsmith.com,docketingecf@reedsmith.com,reed-smith-2312@ecf.pacerpro.com,jeremy.feinstein@pnc.com,sament@reedsmith.com

- **Sharon D. Mayo**
  sharon.mayo@aporter.com,robert.culhane@aporter.com,Joanna.Lee@aporter.com,Emily.Clark@aporter.com,sfcalendar@aporter.com,Jill.Hernandez@aporter.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com,E_File_SD@rgrdlaw.com,ckopko@rgrdlaw.com

- **Sean D. Meenan**
  smeenan@winston.com,recordssf@winston.com,pacercourtfile@winston.com,mcourtney@winston.com,docketsf@winston.com

- **Mark R Merley**
  Mark.Merley@APORTER.COM

- **Michael B. Miller**
  mbmiller@mofo.com,mike-miller-9381@ecf.pacerpro.com,docketny@mofo.com

- **David W. Mitchell**
  davidm@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Joseph Laurence Motto**
  JMotto@winston.com,ahodgson@winston.com

- **Dennis Francis Murphy**
  dennis.murphy@sedgwicklaw.com

- **Benjamin Robert Nagin**
  bnagin@sidley.com,nyefiling@sidley.com

- **Karen C Otto**
  karen.otto@aporter.com

- **Elizabeth P Papez**
  epapez@winston.com

- **Jeanifer Ellen Parsigian**
  jparsigian@winston.com,hhammon@winston.com,docketsf@winston.com

- **Angela Maryssa Porter**
  porter.angela@dorsey.com,vallant.tammy@dorsey.com

- **David Carlyle Powell**
  dpowell@mcguirewoods.com,usdocket@mcguirewoods.com,jtabisaura@mcguirewoods.com,mdylak@mcguirewoods.com,DQuinonez@mcguirewoods.com

- **Penelope Athene Preovolos**
  ppreovolos@mofo.com,lroiz@mofo.com,linda-roiz-3645@ecf.pacerpro.com,penny-preovolos-9506@ecf.pacerpro.com

- **Frederick Matthew Ralph**
  ralph.matthew@dorsey.com,fairbairn.mary@dorsey.com

- **Paul Jeffrey Riehle**
  paul.riehle@sedgwicklaw.com,SDMAcalendaring@sedgwicklaw.com,phyllis.flynn@sedgwicklaw.com,dennis.murphy@sedgwicklaw.com

- **Lauren Kelley Ross**
  lross@cravath.com,mao@cravath.com

- **Conor Michael Shaffer**
  cshaffer@reedsmith.com

- **Ashley Lynn Shively**
  ashively@reedsmith.com,dkelley@reedsmith.com,ashley-shively-0536@ecf.pacerpro.com,david-kelley-8209@ecf.pacerpro.com,reed-smith-2312@ecf.pacerpro.com

- **Ryan A Shores**
  rshores@hunton.com,gjenkins@hunton.com

- **Robert Yale Sperling**
  rsperling@winston.com

- **Christopher James Steskal**
  csteskal@fenwick.com,rchang@fenwick.com,kayoung@fenwick.com

- **Stephen E. Taylor**
  staylor@tcolaw.com,cdunbar@tcolaw.com,schow@tcolaw.com

- **Robert John Vizas**
  robert.vizas@aporter.com,marie.zambrano@aporter.com,SFCalendar@aporter.com

- **Jamie Danielle Wells**
  jwells@mcguirewoods.com,ladocket@mcguirewoods.com,dmolakides@mcguirewoods.com

- **Rowan D. Wilson**
  rwilson@cravath.com,mao@cravath.com,aklein@cravath.com,kkaplan@cravath.com

- **Jennifer Michelle Wong**
  jennifer.wong@sidley.com,nyefiling@sidley.com

- **Catherine M Yang**
  CYang@paulweiss.com,mao_fednational@paulweiss.com

- **Armen Zohrabian**
  AZohrabian@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`