Robbins Geller Rudman & Dowd LLP

Atlanta Boca Raton Chicago Manhattan Melville Nashville Philadelphia San Diego San Francisco Washington, DC

December 19, 2016

VIA ECF

The Honorable Maria-Elena James
United States District Court
for the Northern District of California
450 Golden Gate Avenue
Ctrm. B - 15th Floor
San Francisco, CA 94102

Re: *B & R Supermarket, Inc., et al. v. Visa, Inc., et al.*, No. 3:16-cv-01150-WHA (N.D. Cal.)

Dear Magistrate Judge James:

In accordance with this Court's Discovery Standing Order and Notice of Referral for Discovery, Dkt. No. 370, December 5, 2016, American Express Company ("American Express") and B & R Supermarket, Inc., Grove Liquors LLC, Strouk Group LLC (d/b/a Monsieur Marcel), Palero Food Corp., and Cagueyes Food Corp. (d/b/a Fine Fare Supermarket) ("Plaintiffs") met and conferred in person for the purpose of resolving the discovery disputes pending before the Court. *See* Dkt. Nos. 357, 360, 367. Despite each party's good faith attempt to resolve the dispute, we were unable to reach a resolution. Thus, pursuant to this Court's Discovery Standing Order, we submit the following joint letter setting forth the relevant factual background of the dispute concerning the transaction-level data Plaintiffs have requested and a detailed summary of each party's position and proposed compromise.

Respectfully submitted,

| | |
|---|---|
| */s/ Alexandra S. Bernay* | */s/ Rowan D. Wilson* |
| Alexandra S. Bernay | Rowan D. Wilson |
| **ROBBINS GELLER RUDMAN & DOWD LLP** | **CRAVATH, SWAINE & MOORE LLP** |
| Counsel for Plaintiffs | Counsel for American Express Company |

cc: All Counsel of Record (*via* ECF)

1217040_1

## JOINT STATEMENT OF FACTS

Plaintiffs are three merchants, suing as representatives of a putative class (or classes). They claim that Defendants American Express, Discover, Mastercard and Visa violated competition laws by instituting policies that shifted liability for certain fraudulent card transactions from issuing banks to merchants that had not obtained certification to accept chip-enabled EMV cards by a set date. Based on forum selection provisions in American Express's agreements with merchants who accept its cards for payment, Judge Alsup severed and transferred the claims of two of the three plaintiffs (B&R Supermarket and Monsieur Marcel) to the United States District Court for the Southern District of California. Plaintiff Fine Fare does not accept American Express cards, and its claims against American Express remain in this lawsuit.

On April 26, 2016, Plaintiffs served their First Set of Requests for Production of Documents. American Express served Responses and Objections on May 31, 2016. That First Set included Request No. 5. *See* Ex. 1. On October 7, 2016, Plaintiffs served their Second Set of Requests for Production. American Express served Responses and Objections on November 10, 2016. The second set included Request Nos. 12 and 13. *See* Ex. 2.

The subject of the current dispute is limited to Request Nos. 5, 12 and 13. The parties have had a number of telephonic meet-and-confers regarding these Requests, going back to early October and have exchanged correspondence regarding the dispute. An in-person meet-and-confer was held on December 6, 2016, as required by Your Honor's standing order regarding discovery disputes. The parties are at impasse regarding the relevance of the requested data and request the Court's assistance in resolving the dispute. On November 8, 2016 Plaintiffs filed a letter with the District Court regarding the dispute. Dkt. No. 357. A second letter addressing data-related matters was filed on November 18, 2016. *See* Dkt. No. 360. American Express responded to both letters on November 28, 2016. *See* Dkt. No. 367.

Additionally, the parties have simultaneously been addressing certain matters related to a Fed. R. Civ. P. 30(b)(6) deposition noticed by Plaintiffs A dispute relating to the 30(b)(6) notice is the subject of a separate joint letter to Your Honor.

### I. Plaintiffs' Position and Proposed Compromise

American Express, now that this motion has been filed, has for the first time, said that it refuses to produce any data about the alleged illegal chargebacks it and its co-conspirators imposed on merchants. This is after months of negotiations on the scope of what data would be produced. American Express's conduct has been consistent in only one manner: it sees a compact schedule and opportunity to delay, and changes its position like the winds in order to muddy the waters and prolong negotiations on the scope of its production, meanwhile leaving Plaintiffs with no data and a looming class certification deadline.

For months Plaintiffs have engaged in good faith meet-and-confers and it was not until November 28, 2016 – one day before a scheduled hearing on Plaintiffs' letter motion – that

American Express for the first time claimed that it would produce no data until after the Court determines class certification. Now, American Express refuses to give any information to Plaintiffs about what data may be available, while simultaneously refusing to agree that it will not argue that Plaintiffs' lack of data is ground not to certify a class. In addition, and more outrageous, American Express refuses to provide any admissible evidence and very little (and none in many weeks) information about what data is even available to it other than vague statements by its lawyers. This position – of absolute refusal to meet and confer and provide any information required by Rule 26 (which was requested in April of this year and many times since) – has prevented Plaintiffs from even being able to ascertain what data may be suitable for its purposes as a potential compromise position with American Express. This is all the result of a new argument concocted months after the meet-and-confer process began, with American Express now contending that information relating to damages suffered by the class as a direct result of its illegal agreement (if true), could not possibly be relevant to Plaintiffs' claims (they make no burden argument). This explanation makes no sense in law nor reality; Plaintiffs are entitled to demonstrate they can determine damages caused by the joint and several actors on a classwide basis, and Plaintiffs are similarly entitled to determine the quantum of those damages. For its position, American Express has to date provided Plaintiffs with no case citation, and no logical explanation.

American Express now contends that in an attempt to resolve the dispute, American Express offered and continues to offer to produce (1) aggregate data sufficient to show the total amount of its EMV fraud chargebacks since October 2015 and (2) a list of all merchants who have incurred at least one EMV fraud chargeback, but this is a new position as during the parties' meet and confer, American Express stated that it would produce no data until after class certification was determined.

The Federal Rules of Civil Procedure broadly interpret relevancy, such that each party has the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "[R]elevant information need not be admissible at trial if discovery appears reasonably calculated to lead to discovery of admissible evidence." *Id*. A party seeking to compel discovery must establish the request satisfies the relevancy requirements of Rule 26. *See Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). "In turn, the party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012).

The data Plaintiffs seek from American Express is plainly relevant to our claims and American Express's argument to the contrary flies in the face of black-letter law regarding joint and several liability. American Express now argues that all "direct" claims against it have been severed and sent to the Southern District of New York and that because of this it need not provide any data to Plaintiffs. This argument ignores that American Express is a defendant in this Court and is jointly and severally liable under the antitrust laws. Moreover, the data Plaintiffs require for a class certification model is relevant and American Express has not made any arguments regarding burden

that would tip the scales in American Express's favor. Instead, Plaintiffs have repeatedly explained the relevance and necessity of American Express's data and have demonstrated that such data is of the type generally produced in large-scale antitrust cases. American Express has refused to provide even a sample of data or a data dictionary. The only information Plaintiffs have received has been extremely general information from American Express's counsel. American Express has tried every delay gambit in the playbook to avoid providing Plaintiffs with necessary data or with a deposition of a knowledgeable person to explain how the data is kept and the types of systems American Express uses.

Plaintiffs' Proposed Compromise: Plaintiffs have attempted to narrow their data requests to the following: 1) Merchant location transaction level chargebacks imposed after the Liability Shift for Liability Shift codes F30 and F31; 2) Weekly merchant location level total chargebacks both before and after the Liability Shift; and, finally 3) Total processing volume by merchant location by month from January 1, 2012 to present. Waiting until after class certification is decided is unworkable, unless American Express agrees not to challenge Plaintiffs' experts' class certification model.

## II. American Express's Position and Proposed Compromise

Two of the three plaintiffs, B&R Supermarket and Monsieur Marcel, have agreements with American Express, which select New York as the place for resolution of any and all disputes and give either party the right to compel arbitration of the dispute. Judge Alsup enforced the forum selection provision in those agreements, ordering that "*all* claims by the named plaintiffs against American Express are severed and hereby transferred to the United States District Court for the Southern District of New York." ECF No. 282 (emphasis added); ECF No. 358. Although American Express also moved to compel arbitration, Judge Alsup stated that he would leave that issue for the transferee court to decide. See ECF No. 282. As a result of those orders, all claims against American Express by American Express-accepting merchants are not before this Court. Thus, the only claims remaining in this litigation against American Express are brought by Fine Fair, as a representative of a putative (sub)class of merchants that do not accept American Express cards.[1]

Plaintiffs seek to compel American Express to produce numerous items of data (date, time, amount of chargeback, type of card, and nature of chargeback) for each separate instance in which it issued a chargeback of any kind to every one of the more than 6 million merchants who accept its cards, over a period of four years. When asked about the potential relevance of that data, plaintiffs

---

[1] At oral argument, Judge Alsup indicated that the claims of merchants who did not accept American Express cards could be handled by a subclass. See ECF No. 283 at 62.

have asserted that it would be relevant to Rule 23 ascertainability and class certification more generally. See ECF No. 357. Because of the Court's severance and transfer of the claims of American Express merchants, however, the requested data is wholly irrelevant to ascertainability, or class certification more generally.

First, data from American Express can have no bearing on whether plaintiffs can meet their burden to prove ascertainability, or class certification more generally, as to the broader class against Visa, MasterCard and Discover. The broader class cannot assert claims against American Express in this litigation. If the class is certifiable based on data produced by Visa, MasterCard and Discover, no American Express data could defeat that certification; if the class is not certifiable based on data produced by the other networks, no American Express data could change that result.

Second, as to the subclass (of merchants who do not accept American Express cards) that plaintiffs seek to certify as to American Express, American Express has no data whatsoever about chargebacks to those merchants.

Plaintiffs mistakenly invoke the doctrine of joint and several liability to assert an entitlement to data from American Express. The claims for relief in this case are based on the assertion that American Express, Visa, MasterCard and Discover engaged in a conspiracy. All claims by American Express merchants, alleging that American Express injured them by participating in that conspiracy, have been severed and transferred. The claims remaining against American Express in this litigation are brought by Fine Fair, as a representative of a putative subclass of merchants who do not accept American Express cards. The doctrine of joint and several liability means that, even though American Express never charged those merchants anything, American Express may be liable for chargebacks allegedly made by Visa, MasterCard and Discover. However, because of the forum selection and arbitration provisions in American Express's merchant agreements, all claims by those merchants against American Express – whether for chargebacks issued by American Express or Visa, MasterCard or Discover, have been severed and transferred to New York.

American Express proactively raised the question of whether the data might, down the road, be relevant for damages. Of course, if no class is certified, the requested data would not be relevant. But even if classes are certified, the data sought from American Express would not merely be premature, but would be far more burdensome that what would be required for proof of damages.

Merchants who accept American Express cards, if a class is certified, could seek damages in this litigation from Visa, MasterCard and Discover only, based on their EMV-related fraud liability chargebacks from all four networks (including American Express). However, for that purpose, it would be sufficient to know the total dollar volume of American Express's EMV-related fraud liability chargebacks after October 1, 2015. American Express is producing monthly reports showing the dollar volume of those chargebacks. Moreover, even if the Plaintiffs wished to use

American Express's merchant-by-merchant EMV-related chargeback data as part of the process of allocating damages to each class member, the data now sought by Plaintiffs is grossly more than required for that: the data between October 1, 2012, and September 30, 2015, would be irrelevant (because no EMV-related chargebacks occurred during that time); the data concerning chargebacks made for reasons other than EMV certification would be irrelevant[2]; and the transaction-level data would also be irrelevant—all that would even arguably be relevant for allocation of damages would be the total EMV-related fraud chargebacks by merchant.

Even if a much more limited data request from American Express could be relevant, at some later date, to claims Plaintiffs have against other Networks, American Express should not now be put to the burden of producing tens of millions of transactions (every chargeback made to any of American Express's 6.5 million merchants, whether EMV-related, fraud-related or neither, from October 2012 to the present). The data resides in several distinct databases, and would require a significant amount of effort to reconcile and produce. American Express should not be compelled to produce the data that Plaintiffs have requested. Information must be relevant in order to be discoverable. See Fed. R. Civ. P. 26(b)(1). Plaintiffs have not—and cannot—show that the data they have requested from American Express is relevant and discoverable.

To attempt to resolve the dispute, American Express offers to produce (1) aggregate data sufficient to show the total amount of its EMV fraud chargebacks since October 2015; and (2) if a class is certified, a list of all merchants who have incurred at least one EMV fraud chargeback, see Exhibit 3 at 8.[3]

---

2 American Express issues chargebacks for various reasons. See ECF No. 229-10 at 144-65. Of the many reasons American Express has for issuing chargebacks, only two are related to EMV migration in the United States. Id. at 150

3 Plaintiffs' suggestion that American Express has been uncooperative in discovery is untrue. Consistent with this Court's instructions at the Case Management Conference, see ECF No. 252, American Express began producing documents three weeks after the Court ruled on the motion to dismiss. While American Express has produced 56,541 documents, Plaintiffs have only produced 6,364 documents. American Express is working hard to hew to the Court's scheduling order; the production of tens of millions of irrelevant data items will merely bog down this case. And contrary to Plaintiffs' assertion, American Express stated in its November 10, 2016 response to Plaintiffs' Request 12 that it would produce chargeback only if a class is certified, long before this issue was raised with the Court. Exhibit 3 at 8.

CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2016, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 19, 2016.

s/ Alexandra S. Bernay
ALEXANDRA S. BERNAY

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
E-mail: xanb@rgrdlaw.com

# Mailing Information for a Case 3:16-cv-01150-WHA B & R Supermarket, Inc., et al v. Visa, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Courtney Bedell Averbach**
  caverbach@reedsmith.com,courtney-averbach-3429@ecf.pacerpro.com,reed-smith-2312@ecf.pacerpro.com
- **Scott D. Baker**
  sbaker@reedsmith.com,cmosqueda@reedsmith.com,cshanahan@reedsmith.com,scott-baker-8371@ecf.pacerpro.com,reed-smith-2312@ecf.pacerpro.com,cristi-shanahan-4367@ecf.pacerpro.com,drothschild@reedsmith.com
- **Randi D. Bandman**
  randib@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com
- **John Eliot Beerbower**
  jbeerbower@hunton.com
- **Paul Belonick**
  pbelonick@sidley.com,sfefilingnotice@sidley.com,jhiwa@sidley.com,sfdocket@sidley.com,paul-belonick-5747@ecf.pacerpro.com
- **Craig A Benson**
  CBenson@paulweiss.com,mao_fednational@paulweiss.com
- **Jane Petersen Bentrott**
  jbentrott@mofo.com
- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com,E_File_SD@rgrdlaw.com,jkusy@rgrdlaw.com,AZohrabian@rgrdlaw.com,schateauneuf@rgrdlaw.com
- **Boris Bershteyn**
  boris.bershteyn@skadden.com
- **Daniel I Booker**
  dbooker@reedsmith.com,dalioto@reedsmith.com
- **Andrew Baldwin Brantingham**
  brantingham.andrew@dorsey.com,roadfeldt.christi@dorsey.com
- **Lonnie Anthony Browne**
  LBrowne@rgrdlaw.com
- **Melissa Colon-Bosolet**
  mcolon-bosolet@sidley.com,nyefiling@sidley.com,melissa-colon-bosolet-1976@ecf.pacerpro.com
- **Dana Lynn Cook-Milligan**
  dlcook@winston.com
- **Patrick J. Coughlin**
  PatC@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **John William Devine**
  jdevine@devinegoodman.com
- **Kelsie A Docherty**
  kdocherty@cravath.com
- **William Yates Durbin**
  WDurbin@paulweiss.com,fvella@paulweiss.com,cyang@paulweiss.com,jnoonan@paulweiss.com,mao_fednational@paulweiss.com,abaniel-stark@paulweiss.com
- **Howard Feller**
  hfeller@mcguirewoods.com
- **Tiffani B Figueroa**
  TFigueroa@mofo.com
- **Stephanie Ilana Fine**
  stephanie.fine@aporter.com
- **Natalie Anne Fleming Nolen**
  nflemingnolen@mofo.com
- **Kenneth A. Gallo**
  kgallo@paulweiss.com,mlaramie@paulweiss.com
- **Cheryl Ann Galvin**
  cgalvin@tcolaw.com
- **Lawrence Dean Goodman**
  lgoodman@devinegoodman.com,alopez@devinegoodman.com,smallet@devinegoodman.com
- **David F. Graham**
  dgraham@sidley.com,efilingnotice@sidley.com,david-graham-9409@ecf.pacerpro.com

- **Peter E Greene**
  peter.greene@skadden.com
- **Alexander Guney**
  alexander.guney@sedgwicklaw.com
- **Damaris Hernandez**
  dhernandez@cravath.com
- **D. Bruce Hoffman**
  bhoffman@hunton.com,acordero@hunton.com
- **Peter K. Huston**
  phuston@sidley.com,jhiwa@sidley.com,sfdocket@sidley.com,hebalogi@sidley.com
- **Susan S. Joo**
  sjoo@hunton.com,jocampo@hunton.com
- **J. Brent Justus**
  bjustus@mcguirewoods.com
- **Raoul Dion Kennedy**
  raoul.kennedy@skadden.com,alissa.turnipseed@skadden.com,james.schaefer@skadden.com,sarah.wood@skadden.com
- **Leslie Kostyshak**
  lkostyshak@hunton.com,jbeerbower@hunton.com
- **Harry P Koulos**
  harry.koulos@skadden.com
- **Evan R Kreiner**
  evan.kreiner@skadden.com
- **Robert J Kuntz , Jr**
  rkuntz@devinegoodman.com,vcerra@devinegoodman.com
- **Mark P. Ladner**
  mladner@mofo.com,nflemingnolen@mofo.com,stice@mofo.com,docketny@mofo.com,mark-ladner-4922@ecf.pacerpro.com
- **Alexandra Eve Laks**
  alaks@mofo.com,gina-gerrish-5550@ecf.pacerpro.com,ggerrish@mofo.com,alexandra-laks-0787@ecf.pacerpro.com
- **Angel Puimei Lau**
  alau@rgrdlaw.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Adrienne J Lighten**
  alighten@paulweiss.com
- **Casey Erin Lucier**
  clucier@mcguirewoods.com
- **Martha Corcoran Luemers**
  eFilingPA@dorsey.com,luemers.martha@dorsey.com,evans.elyssa@dorsey.com
- **Michelle Ann Mantine**
  mmantine@reedsmith.com,michelle-mantine-7250@ecf.pacerpro.com,dsharp@reedsmith.com,docketingecf@reedsmith.com,reed-smith-2312@ecf.pacerpro.com,jeremy.feinstein@pnc.com,sament@reedsmith.com
- **Sharon D. Mayo**
  sharon.mayo@aporter.com,robert.culhane@aporter.com,Joanna.Lee@aporter.com,Emily.Clark@aporter.com,sfcalendar@aporter.com,Jill.Hernandez@aporter.com
- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com,E_File_SD@rgrdlaw.com,ckopko@rgrdlaw.com
- **Sean D. Meenan**
  smeenan@winston.com,recordssf@winston.com,pacercourtfile@winston.com,mcourtney@winston.com,docketsf@winston.com
- **Mark R Merley**
  Mark.Merley@APORTER.COM
- **Michael B. Miller**
  mbmiller@mofo.com,mike-miller-9381@ecf.pacerpro.com,docketny@mofo.com
- **David W. Mitchell**
  davidm@rgrdlaw.com,e_file_sd@rgrdlaw.com
- **Joseph Laurence Motto**
  JMotto@winston.com,ahodgson@winston.com
- **Dennis Francis Murphy**
  dennis.murphy@sedgwicklaw.com
- **Benjamin Robert Nagin**
  bnagin@sidley.com,nyefiling@sidley.com

- **Karen C Otto**
  karen.otto@aporter.com
- **Elizabeth P Papez**
  epapez@winston.com
- **Jeanifer Ellen Parsigian**
  jparsigian@winston.com,hhammon@winston.com,docketsf@winston.com
- **Angela Maryssa Porter**
  porter.angela@dorsey.com,vallant.tammy@dorsey.com
- **David Carlyle Powell**
  dpowell@mcguirewoods.com,usdocket@mcguirewoods.com,jtabisaura@mcguirewoods.com,mdylak@mcguirewoods.com,DQuinonez@mcguirewoods.com
- **Penelope Athene Preovolos**
  ppreovolos@mofo.com,lroiz@mofo.com,linda-roiz-3645@ecf.pacerpro.com,penny-preovolos-9506@ecf.pacerpro.com
- **Frederick Matthew Ralph**
  ralph.matthew@dorsey.com,fairbairn.mary@dorsey.com
- **Paul Jeffrey Riehle**
  paul.riehle@sedgwicklaw.com,SDMAcalendaring@sedgwicklaw.com,phyllis.flynn@sedgwicklaw.com,dennis.murphy@sedgwicklaw.com
- **Lauren Kelley Ross**
  lross@cravath.com,mao@cravath.com
- **Conor Michael Shaffer**
  cshaffer@reedsmith.com
- **Ashley Lynn Shively**
  ashively@reedsmith.com,dkelley@reedsmith.com,ashley-shively-0536@ecf.pacerpro.com,david-kelley-8209@ecf.pacerpro.com,reed-smith-2312@ecf.pacerpro.com
- **Ryan A Shores**
  rshores@hunton.com,gjenkins@hunton.com
- **Robert Yale Sperling**
  rsperling@winston.com
- **Christopher James Steskal**
  csteskal@fenwick.com,rchang@fenwick.com,kayoung@fenwick.com
- **Stephen E. Taylor**
  staylor@tcolaw.com,cdunbar@tcolaw.com,schow@tcolaw.com
- **Robert John Vizas**
  robert.vizas@aporter.com,marie.zambrano@aporter.com,SFCalendar@aporter.com
- **Jamie Danielle Wells**
  jwells@mcguirewoods.com,ladocket@mcguirewoods.com,dmolakides@mcguirewoods.com
- **Rowan D. Wilson**
  rwilson@cravath.com,mao@cravath.com,aklein@cravath.com,kkaplan@cravath.com
- **Jennifer Michelle Wong**
  jennifer.wong@sidley.com,nyefiling@sidley.com
- **Catherine M Yang**
  CYang@paulweiss.com,mao_fednational@paulweiss.com
- **Armen Zohrabian**
  AZohrabian@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)