UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B & R SUPERMARKET, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> VISA, INC., et al., <br><br> Defendants. | Case No. 16-cv-01150-WHA (MEJ) <br><br> **ORDER FOR SUPPLEMENTAL BRIEFING** <br><br> Re: Dkt. Nos. 375, 376 |

On November 28, 2016, the presiding judge in this matter, the Honorable William Alsup, referred all discovery matters to the undersigned. Dkt. No. 368. Pending before the Court are two discovery letter briefs. Dkt. Nos. 375-76. In the first letter, the parties dispute whether Plaintiffs[1] may take Defendant American Express Corp.'s ("American Express") Rule 30(b)(6) deposition concerning certain of Plaintiffs' requests for production ("RFPs"). Dep. Ltr., Dkt. No. 375. These RFPs are the subject of the parties' second letter. RFP Ltr., Dkt. No. 376. The Court requests supplemental briefing on this matter.

In both letters, Plaintiffs assert that "[r]elevant information need not be admissible at trial if discovery appears reasonably calculated to lead to discovery of admissible evidence." Dep. Ltr. at 3 (quoting Fed. R. Civ. P. 26(b)(1)); RFP Ltr. at 3 (same). This misstates the current law, as the 2015 amendments to the Federal Rules of Civil Procedure eliminated this language. Fed. R. Civ. P. 26 advisory committee notes (2015 amendment) ("The former provision for discovery of relevant but inadmissible information that appears 'reasonably calculated to lead to the discovery

---

[1] Plaintiffs are Grove Liquors LLC; Palero Food Corp.; and Cagueyes Food Corp. dba Fine Fare Supermarkets.

of admissible evidence' is also deleted.").[2]

The "reasonably calculated" language was "replaced by the direct statement that 'Information within this scope of discovery need not be admissible in evidence to be discoverable.'" Fed. R. Civ. P. 26 advisory committee notes (2015 amendment). This change "crystalizes the concept of reasonable limits on discovery through increased reliance on the common-sense concept of proportionality[.]" John Roberts, 2015 Year-End Report on the Federal Judiciary (Dec. 31, 2015), *available at* https://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf.

The parties do not address whether Plaintiffs' requested discovery is proportional to the needs of this case. Rather, the parties' arguments focus on whether the discovery is relevant to Plaintiffs' claims. Dep. Ltr. at 3 ("Here, Plaintiffs' Topic 9 is plainly relevant to a number of issues in this litigation."); *id.* at 6 ("Plaintiffs have failed to explain why information . . . is relevant."); RFP Ltr. at 3 ("The data Plaintiffs seek from American Express is plainly relevant to our claims . . . ."); *id.* at 5 ("[T]he requested data is wholly irrelevant to ascertainability, or class certification more generally.").

"No longer is it good enough to hope that the information sought might lead to the discovery of admissible evidence. [ ] Instead, a party seeking discovery of relevant, non-privileged information must show, before anything else, that the discovery sought is proportional to the needs of the case." *Gilead Scis., Inc. v. Merck & Co, Inc.*, 2016 WL 146574, at *1 (N.D. Cal. Jan. 13, 2016). "The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015 amendment); *see id.* ("This change reinforces the Rule 26(g) obligation of the parties to consider these [proportionality] factors in making discovery requests, responses, or

---

[2] As Plaintiffs filed their initial Complaint on March 8, 2016 (*see* Compl., Dkt. No. 1), the 2015 amendments apply to this action. *See* Supreme Court of the United States, Order regarding amendments to the Federal Rules of Civil Procedure (Apr. 29, 2015) ("[T]he foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 2015, and shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending.").

2

objections.").

The parties have not demonstrated that the discovery at issue is or is not proportional. Accordingly, the Court **ORDERS** the parties to meet and confer in person or by videoconference to reexamine their disputes in light of Rule 26's focus on proportionality. In the event they cannot resolve their dispute, the parties may file a joint statement of no more than 5 pages per dispute by **January 4, 2017**. The joint statement shall explicitly address the parties' positions on proportionality.

**IT IS SO ORDERED.**

Dated: December 21, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge