PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
TELEPHONE (202) 223-7300

WASHINGTON, DC 20006-1047

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 3601, OFFICE TOWER A
BEIJING FORTUNE PLAZA
NO. 7 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT
BEIJING 100020
PEOPLE'S REPUBLIC OF CHINA
TELEPHONE (86-10) 5828-6300

12TH FLOOR, HONG KONG CLUB BUILDING
3A CHATER ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, U.K.
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
202-223-7356

WRITER'S DIRECT FACSIMILE
202-204-7420

WRITER'S DIRECT E-MAIL ADDRESS
KGallo@paulweiss.com

March 1, 2017

Honorable William Alsup
United States District Judge
Northern District of California
450 Golden Gate Avenue, Courtroom 8, 19th Floor
San Francisco, California 94102

      Re:  *B&R Supermarket, Inc., et al. v. Visa, Inc., et al.*,
           No. 3:16-cv-01150-WHA (N.D. Cal.)

Dear Judge Alsup:

      Defendants Mastercard and Visa submit a précis of their Motion to Transfer as required by the Court's April 22, 2016 Case Management Order (Dkt. No. 251). Defendants seek leave to file a motion under the "first-to-file" rule and 28 U.S.C. § 1404(a) to transfer this case to the United States District Court for the Eastern District of New York because events of the last three weeks make it clear the claims and events at issue here are also being litigated in that court in the first-filed multidistrict action, *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, MDL 1720 ("MDL 1720").

      On March 8, 2016, two Florida merchants commenced this putative class action against Visa, Mastercard, American Express, Discover, and others, alleging antitrust violations arising from the introduction of EMV chip card technology. The putative class here consists of merchants that paid "chargebacks" on certain payment card transactions as a result of the so-called liability shifts associated with the rollout of EMV chip cards. The merchant plaintiffs here are represented by Robbins Geller.

The same Robbins Geller lawyers also are co-lead counsel for a larger putative class of merchants seeking damages in MDL 1720, which has been pending in the Eastern District of New York since 2005. Given that MDL 1720 has been pending for more than a decade, there can be no doubt that it was filed first. *See Hilton v. Apple Inc.*, No. C-13-2167, 2013 WL 5487317, at *4-8 (N.D. Cal. Oct. 1, 2013). The putative class of merchants in this case is a subset of the putative class of merchants in MDL 1720, which encompasses *all* merchants that accept Visa and Mastercard payment cards and who were allegedly caused to overpay on *all* payment card transactions as a result of the defendants' alleged anti-competitive conduct in adopting merchant-facing rules and fees that purportedly restrained merchant card-acceptance practices.

On February 8, 2017, in MDL 1720, the putative damages class (represented by Robbins Geller) proposed a third amended complaint, and the putative injunctive relief class filed a similar amended complaint for equitable relief. Just like the complaint filed in this action, those amended class complaints assert that Visa and Mastercard violated the federal antitrust laws when rolling out EMV chip card technology and establishing the attendant liability shifts. As a result of this recent action, and as Mastercard and Visa will spell out in detail in their motion, all of the fundamental issues in this case now also are being litigated on a class-wide basis in the comprehensive, first-filed MDL 1720 class actions. Further, on February 17, in the MDL 1720 action, plaintiffs' counsel, including a Robbins Geller lawyer, deposed a Mastercard witness who is scheduled to be deposed *in this case* on March 7, 2017. That witness, who headed Mastercard's EMV chip card transition effort, was asked about the issues raised in this case, including how and why Mastercard decided to impose the liability shift, what communications Mastercard had with other networks, and how Mastercard arrived at the same effective liability shift date as the other networks. Also, supplemental document requests served last week on

Visa and Mastercard in MDL 1720 now call for virtually all EMV-related materials produced in this case.

Where, as here, "two cases involving precisely the same issues are simultaneously pending in different District Courts," both the "first-to-file" rule and 28 U.S.C. § 1404(a) dictate that this case should be transferred to the venue where earlier-filed actions involving overlapping parties, witnesses, and claims are already consolidated. *See Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960); *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015).

The merchant antitrust claims related to EMV and the liability shifts should be adjudicated by one court, not two. Absent a transfer, there is a real "danger of inconsistent results," that would entail a host of complex issues concerning the reach of collateral estoppel. *See Keene v. McKesson Corp.*, No. 12-CV-05924-JST, 2015 WL 9257949, at *3–4 (N.D. Cal. Dec. 17, 2015).

Allowing each case to proceed along its own trajectory would also entail a huge "duplication of efforts," *id.*, and a waste of judicial resources as the same parties, witnesses, documents, and events would be subject to litigation in two courts. *See Heartland Payment Sys., Inc. v. Verifone Israel Ltd.*, No. C 10-0654, 2010 WL 1662478, at *5 (N.D. Cal. April 22, 2010). Given that duplicative discovery is already underway, Defendants respectfully request they be allowed to file their motion to transfer immediately.

                    Respectfully submitted,

                    /s/ Kenneth A. Gallo

                    Kenneth A. Gallo

cc:    All Counsel of Record (*via* ECF)