UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B & R SUPERMARKET, INC., ET AL.,<br><br>    Plaintiffs,<br><br>  v.<br><br>VISA, INC., et al.,<br><br>    Defendants. | Case No. 16-cv-01150-WHA   (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 401 |

## INTRODUCTION

Pending before the Court is Plaintiffs[1] and non-party EMVCo, LLC's ("EMVCo") joint discovery letter regarding EMVCo's redactions of a document produced in discovery. Letter, Dkt. No. 401. Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court issues the following order.

## BACKGROUND

This is a putative class action in which Plaintiffs allege certain payment card networks conspired to shift liability for fraudulent card transactions from issuing banks to merchants until a merchant obtained certification to accept chip-enabled EVM cards (the "Liability Shift"). Plaintiffs assert claims under the Sherman Antitrust Act, 15 U.S.C. §§ 1 and 3, and various state antitrust and deceptive practices laws. Am. Compl. ¶¶ 285-361, Dkt. No. 291. They seek to represent a class of "merchants who have been unlawfully subjected to the so-called Liability Shift for the assessment of MasterCard, Visa, Discover and/or American Express credit and charge card chargebacks, from October 2015 until the anticompetitive conduct ceases[.]" *Id.* ¶ 238. Plaintiffs

---

[1] Plaintiffs are B & R Supermarket, Inc.; Grove Liquors LLC; Strouk Group LLC (d/b/a Monsieur Marcel); Palero Food Corp.; and Cagueyes Food Corp. (d/b/a Fine Fare Supermarket).

seek class certification under Federal Rule of Civil Procedure 23(b)(2) and (b)(3). *See id.*

EMVCo is a company "overseen" by Visa, Inc.; Visa USA, Inc.; MasterCard International Inc.; American Express Co.; and Discover Financial Services. Am. Compl. ¶ 38. Among other things, EMVCo "develops and manages the technical standards by which EMV chip transactions . . . are processed and maintained." *Id.* Plaintiffs named EMVCo as a defendant, but the presiding judge in this matter, the Honorable William Alsup, dismissed EMVCo on September 30, 2016. Order at 19, Dkt. No. 346. Judge Alsup nonetheless noted that because "EMVCo will be required to provide discovery (as a nonparty), the possibility remains that evidence will be developed to show complicity by it such that a motion to amend based on newly discovered evidence will be allowed." *Id.* Judge Alsup ordered EMVCo to preserve evidence, including "all emails, memorandums, text messages, or any other potential evidence relevant to the Liability Shift and the circumstances that led up to it." *Id.* at 19, 22.

The parties filed this Letter on February 28, 2017. The deadline to add parties is March 3, 2017. Dkt. No. 348.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Discovery need not be admissible in evidence to be discoverable. *Id.* However, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments). Thus, there is "a shared responsibility on all the parties to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts." *Salazar v. McDonald's Corp.*, 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016); *Goes Int'l, AB v. Dodur Ltd.*, 2016 WL 427369, at

*4 (N.D. Cal. Feb. 4, 2016) (citing advisory committee notes for proposition that parties share a "collective responsibility" to consider proportionality and requiring that "[b]oth parties . . . tailor their efforts to the needs of th[e] case").

## DISCUSSION

The parties' dispute concerns EMVCo's Board of Managers meeting minutes (the "minutes"), which EMVCo produced to Plaintiffs with redactions "for privilege and responsiveness." Letter at 2.[2] Plaintiffs do not object to EMVCo's redactions for privilege; they only dispute the redactions for non-responsiveness. Plaintiffs estimate "EMVCo has redacted for non-responsiveness 293 of 303 Board of Manager meeting minutes."[3] *Id.* at 3.

EMVCo did not redact headings, which has allowed Plaintiffs to discern topics which it believes demonstrate the redacted minutes are relevant to this action. *See id.* at 2-3. The parties successfully resolved some of their disputes prior to filing this Letter: Plaintiffs contacted EMVCo on December 5, 2016 and January 20, 2017 regarding certain redactions, and EMVCo agreed to produce in unredacted form those portions of the minutes. *Id.* Specifically, EMVCo represents it "has agreed to produce the nonprivileged portions of the remainder of the minutes" for topics concerning "Security Evaluation Working Group, Security Working Group, Communications Update, Card Approval Working Group, Interoperability Working Group, Update from PCI, EAP Update, and Terminal Approval Working Group." *Id.* at 6. EMVCo has also agreed to produce unredacted portions of the minutes regarding "the topic of negotiations about prospective new equity membership in EMVCo[.]" *Id.* EMVCo notes "[t]here are no outstanding topics identified by Plaintiffs as being improperly redacted." *Id.* It is unclear whether Plaintiffs have fully reviewed or take issue with other parts of the minutes.

In light of the parties' successful meet-and-confers thus far, the Court finds it would be more efficient and productive for the parties to continue to attempt to resolve this issue

---

[2] Because the Letter is unnumbered, the Court's citations to pages of the Letter refer to the ECF header numbering.

[3] It is unclear whether the "293 of 303" refers to pages or something else. In compliance with the Court's Discovery Standing Order, the parties did not attach the minutes to their Letter. *Id.* at 6.

3

cooperatively.  The Court accordingly ORDERS the parties to continue to meet and confer to address any and all disputes relating to the minutes.  If EMVCo believes redactions to the minutes are appropriate for another reason other than relevance, it shall produce a privilege log explaining basis for the redactions.  If Plaintiffs dispute those explanations, the parties shall attempt to resolve those disputes during a meet and confer session.  Thereafter, the parties may raise any outstanding disputes by filing an updated joint letter brief.[4]

**IT IS SO ORDERED.**

Dated: March 1, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[4] While the deadline to amend the Complaint to add parties is fast approaching, the parties do not raise any issues of timing in their Letter, nor have they sought to extend the deadline to amend. The Court accordingly proceeds with the understanding the deadline is not relevant to this dispute.