

200 Park Avenue
New York, NY 10166
T +1 212 294 6700
F +1 212 294 4700

EVA W. COLE
Partner
212-294-4609
ewcole@winston.com

March 28, 2017

Honorable William Alsup
United States District Judge
Northern District of California
450 Golden Gate Avenue, Courtroom 8, 19th Floor
San Francisco, California 94102

**Re:** *B & R Supermarket, Inc., et al. v. Visa, Inc., et al.*, **Case No.: 3:16-cv-01150-WHA**

Dear Judge Alsup:

Mastercard International Inc., Visa Inc., Visa U.S.A. Inc., and Discover Financial Services (collectively, "Defendants") submit this précis as required under the Court's April 22, 2016, Case Management Order (Dkt. No. 251), and respectfully request leave to file a motion to strike the testimony of Dr. Micah S. Officer ("Motion to Strike"). The Motion to Strike would address flaws in the opinions and methodology proffered in Dr. Officer's Expert Report in Support of Plaintiffs' Motion for Class Certification (Dkt. 425, Exh. 29) that render his testimony unreliable and therefore inadmissible under Federal Rule of Evidence 702 ("Rule 702") and *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993).

Plaintiffs filed their motion for class certification on March 10, 2017. (Dkt. 425.) That motion relies on Dr. Officer's expert report to argue, among other things, that common issues predominate as to antitrust impact and damages as required by Federal Rule of Civil Procedure 23(b)(3). (*Id*. at 17, 19–21.) Plaintiffs' motion expressly asks the Court to accept Dr. Officer's opinions as "reliable." (*Id*. at 19.) Yet, Plaintiffs go on to assert that "[a]ny arguments regarding the credibility or accuracy of Professor Officer's model should not be resolved at this stage of the litigation." (*Id*. at 19.) Plaintiffs' failure to cite any authority in support of this proposition is unsurprising. In simultaneously proffering Dr. Officer's report as "reliable" and asking the Court to defer assessing its reliability, (*id*.), Plaintiffs make

WINSTON
&STRAWN
LLP

March 28, 2017
Page 2

precisely the argument the Supreme Court rejected in *Comcast*, namely, that "any method of [impact or damages] measurement is acceptable so long as it can be applied class-wide, no matter how arbitrary the measurements may be." *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433 (2013). That is not the law. *See id*. (explaining that this would "reduce Rule 23(b)(3)'s predominance requirement to a nullity").

Class "certification is proper only if 'the trial court is satisfied, after a rigorous analysis,'" that the Rule 23 "'prerequisites . . . have been satisfied.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011) (internal citation omitted). Where, as here, Plaintiffs proffer expert testimony in support of class certification, the evidence must be assessed not only for sufficiency under Rule 23, but also for admissibility under Rule 702, which requires expert evidence to be "based on sufficient facts or data" and to be the product of "reliable principles and methods." Fed. R. Evid. 702; *Daubert*, 509 U.S. at 589, 592–93. The reason is simple. "Expert testimony that is insufficiently reliable to satisfy the *Daubert* standard cannot 'prove' that the Rule 23(a) prerequisites have been met 'in fact,' nor can it establish 'through evidentiary proof' that Rule 23(b) is satisfied." *In re Blood Reagents Antitrust Litig.*, 783 F.3d 183, 187 (3d Cir. 2015) (citing Seventh, Eighth, and Ninth Circuit case law); *see also Comcast*, 133 S. Ct. at 1433 (*Daubert* standard for admissibility applies to expert opinions proffered in support of class certification); *Akaosugi v. Benihana Nat. Corp.*, No. C 11-01272 WHA, 2012 WL 1029546, at *2 (N.D. Cal. Mar. 26, 2012) (same, citing *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011)).

The proposed Motion to Strike will address the various reasons that Dr. Officer's report fails to satisfy the requirements of Rule 702. *See, e.g.*, *Daubert*, 509 U.S. at 589. For example, Dr. Officer's assumption of a "but for" world in which the fraud liability shift would have been delayed indefinitely, (e.g., Dkt. 425, Exh. 29 ¶¶ 33–35), is speculative and implausible against the facts and data in the

**WINSTON & STRAWN LLP**

March 28, 2017
Page 3

certification record, and is devoid of any "scientifically valid" analysis explaining how his assumptions are "properly . . . applied to the facts in issue" in the class motion. *Daubert*, 509 U.S. at 592–93.

Dr. Officer's methodology is likewise not the product of "reliable principles and methods," Fed. R. Evid. 702, and would not "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert*, 509 U.S. at 591. Defendants' Motion to Strike would show in more detail that, instead of offering a methodology to show impact — class-wide or otherwise — on merchants, Dr. Officer's methodology, at best, shows only the purported impact of chargebacks on the acquiring banks to whom chargebacks are assessed. Dr. Officer then simply assumes, with no basis whatsoever, that impact on acquirers is the same as impact on the putative merchant class. Dr. Officer's methodology also is unreliable because it sweeps in chargebacks that do not have a proximate causal connection to the alleged illegal practices of Defendants. For example, there is no injury-in-fact for merchants that had their potential fraud costs absorbed by someone else, such as an acquirer or processor.

The proposed Motion to Strike is an appropriate and efficient way to address these flaws in Dr. Officer's report in support of Plaintiffs' motion for class certification. *E.g.*, *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1048–49 (2016). Accordingly, Defendants respectfully request leave to file the Motion to Strike. Should the Court grant this request, Defendants propose a briefing schedule that would allow this motion to be heard in conjunction with Plaintiffs' motion for class certification. Defendants have not yet determined who will argue this motion.

Very truly yours,

*/s/ Eva W. Cole*

Cc: All parties (via ECF)